496 A.2d 53

**Alan J. BECKMAN**

v.

**Dan ABRAMOVITZ and Natan Abramovitz and Integrated Systems International, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1984.

Filed July 19, 1985.

150

Avi D. Eden, Malvern, for appellants.

Bruce S. Luckman, Philadelphia, for appellee.

Before MONTEMURO, BECK and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from an order entered by the Court of Common Pleas of Philadelphia County, on June 8, 1983 which granted a Petition to Freeze Corporate Assets.

On May 15, 1981, the appellee, Allen J. Beckman, filed a complaint in equity seeking specific performance of a Shareholders Agreement. Appellants, Integrated Systems and Dan and Natan Abramovitz, filed counterclaims against the appellee. After vigorous litigation, the trial court recommended and encouraged the parties to commence preliminary settlement negotiations during trial. Thereafter the court below was periodically appraised of the settlement discussions and their progress. Meetings were held on September 4 and 5, 1981, attended by Avi Eden, John W. Fawcett, III, counsel for I.S.I. and the Abramovitz's; Mr. Bucki, counsel for Mr. Beckman; Dan Abramovitz and Mr. Beckman. During these meetings the parties entered into an agreement to settle the litigation. This agreement included certain acts to be performed by the appellee, and the formation of a new business arrangement between the parties which was to be governed by the terms set forth in three documents known as "Consulting Agreement", "Sales Representatives Agreement" and "Agreement No. 1". These papers were filed with the court below and an Order to Discontinue was submitted. On or about March 9, 1982, the appellee filed a petition to enforce the above-mentioned settlement agreements. On March 25, 1983, the appellee filed a Petition to Inspect Corporate Records which was granted on March 25, 1983. In April, 1983, Mr. Beckman filed a Petition to Freeze Corporate Assets which the court below granted on June 15, 1983.

On June 20, 1983, I.S.I. and the Abramovitz's filed extensive exceptions to the orders of June 15, 1983. The following day they filed a Notice of Appeal of the Order to the Superior Court. The appellee filed a Motion to Quash the instant appeal as premature on July 25, 1983. The Motion

to Quash was denied in a Per Curiam Order of this Court dated September 8, 1983.

■■■■ Upon review of the briefs and the record we have determined that this appeal is not properly before this Court. The trial court did not have an opportunity to dispose of the exceptions filed in the court below, therefore, there exists no final order for our Court to review. It is a well-established rule of law that an appeal can only be had from a final order. *Sanderbeck v. Sanderbeck*, 327 Pa.Superior Ct. 461, 476 A.2d 44 (1984).

■■ In an effort to hasten the appeal process, appellants characterize the Petition to Freeze Corporate Assets as a preliminary injunction and attempt to bring it in under Pa. Rule Appellate Pro. 311. This rule is an extraordinary measure which allows an appeal as of right where an appellate court can prevent irreparable harm to a party by reviewing certain interlocutory orders prior to the ultimate decision of the case. It is not apparent from a reading of the record or the briefs in this appeal that the trial court would characterize this Petition as a preliminary injunction. The trial judge did not require the posting of bond as is required by Pa.Rule Civil Pro. 1531(b)(1) or (2) nor did he follow the notice and hearing requirements of Pa.Rule Civil Pro. 1531(a) before granting the Petition. Also, in the record of the evidentiary hearing, the trial court characterized this as a petition to enforce a settlement agreement.

The appellants have not alleged any irreparable harm by the granting of this Petition to Freeze Corporate Assets if an appeal is postponed until there is an ultimate decision in the case. In fact, the appellants aver in their brief that they are in full compliance with the terms of the agreements that the order seeks to enforce. In addition, the exceptions to the order filed by the appellants in the court below state: "The Order is improper in that it is an Order that orders respondents to do that which they are already doing."

Considering these facts, this appeal is remanded to the lower court for proceedings consistent with this opinion. Jurisdiction is relinquished.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

Because I am unable to agree with the majority's determination that the instant appeal is not properly before us, I must dissent.

On March 9, 1982, appellee petitioned the court below for the enforcement of certain agreements, which were allegedly entered into as a "settlement" of the original action. On April 12 and April 14, 1983, hearings were held, as announced by the court below, "on the issue of whether there has been a settlement." N.T., April 12, 1983, at 3. At the conclusion of the April 14, 1983 proceedings, appellee's counsel initiated the following exchange:

MR. GREEN: Your Honor, may I ask that the Court enter an Order that ISI not make any transfers of assets not in the ordinary course of business?

THE COURT: I won't do that, because that's the final Order in an equity action, and I'm not at that stage yet. If they do it—well, all right, I understand what you're saying, but you have to give me some evidence that that's what they're doing.

MR. GREEN: If I submit an affidavit—

THE COURT: All you're doing is, you're asking me to order them to do that which they're not supposed to do. That's a ludicrous order.

MR. GREEN: Can I put Mr. Beckman on the stand to put evidence on that the company already, in anticipation of this, is taking—

THE COURT: No. You file the appropriate affidavits and motions that you would ordinarily file in an equity action.

This is a petition to enforce a settlement agreement. I'm not going to wander all over the lot.

N.T., April 14, 1983, at 182–83. Accordingly, on April 27, 1983, appellee filed his petition to freeze corporate assets, the granting of which is the subject of this appeal.

"Preliminary" and/or "special" injunctions have been defined as "methods whereby the plaintiff may prevent the dissipation of the subject matter of his cause of action while he litigates his rights." GOODRICH–AMRAM 2d § 1531(a):1. Clearly, the objective of both appellee, in filing the April 27, 1983 petition, and the court below, in granting that petition, was the preservation of the corporate status quo pending a final disposition regarding appellee's rights pursuant to the alleged "settlement."

Having carefully reviewed and considered the record and the briefs before us, I would find that the "method" utilized to preserve the status quo herein is, in both nature and effect, appropriately characterized as an injunction, appealable as of right pursuant to Pa.R.A.P. 311(a)(4). *Cf. Rosenzweig v. Factor*, 457 Pa. 492, 327 A.2d 36 (1974). Therefore, I would reach the merits of those issues properly raised in this appeal.