547 A.2d 411

**Rosemarie A. FRENCH and Melvin H. French,**

**v.**

**UNITED PARCEL SERVICE, and A & D Glass Service, Pittsburgh Plate Glass Company and Rixson.**

**Appeal of UNITED PARCEL SERVICE.**

Superior Court of Pennsylvania.

Argued April 28, 1988.

Filed Sept. 9, 1988.

Mark Malkames, Allentown, for appellant.

George A. Heitczman, Bethlehem, for French, appellees.

David G. Welty, Allentown, for A & D Glass, appellee.

Frank G. Procyk, Bethlehem, for Pittsburgh Plate Glass Co., appellee.

Marla J. Melman, Allentown, for Rixson, appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

CAVANAUGH, Judge:

This is an appeal by United Parcel Service from summary judgment orders. In this case, the plaintiffs below, Rosemarie A. French and Melvin H. French, commenced an action in trespass against United Parcel Service (UPS) for injuries suffered when Mrs. French fell while entering the UPS premises in Allentown, Pennsylvania. The complaint alleged *inter alia* that the "entrance to defendant's premises was available to customers through a door embodying an automatic closure device." The plaintiffs also claimed that the "automatic closure device [was] in such a state of tension, as to cause the door to close rapidly and unexpectedly behind a person attempting to walk through the doorway." Mrs. French claimed to have been hit in the back by the door and she fell forward, suffering injuries.

The original defendant, UPS, filed a joinder complaint against A & D Glass Service, PPG Industries, Inc. (which was incorrectly referred to as Pittsburgh Plate Glass Company) and Rixson. The original defendant, and all of the additional defendants filed motions for summary judgments.[1] Depositions were taken. On December 17, 1987 the court below through Backenstoe, P.J., entered an order denying the motion of United Parcel Service for summary judgment, and granting the motions of additional defend-

---

**1.** UPS filed a motion for summary judgment stating *inter alia:*

    3. The Defendant, United Parcel Service, joined as an Additional Defendant A & D. Glass Service, alleging, inter alia, that to the extent the Plaintiffs have alleged that the door was installed in a dangerous manner, that the Additional Defendant, A & D Glass Service, is liable for any damage caused thereby.

    4. The Defendant, United Parcel Service, joined as an Additional Defendant Pittsburgh Plate Glass Company, alleging, inter alia, that to the extent that Plaintiffs have alleged that the door existed in a "dangerous" condition, that any damage caused thereby is the responsibility of the Additional Defendant, Pittsburgh Plate Glass Company.

    5. The Defendant, United Parcel Service, joined as an Additional Defendant Rixson, alleging, inter alia, that to the extent that Plaintiffs have alleged that the door closure device was improper or defective, that the Additional Defendant, Rixson, is responsible for any damage caused thereby.

UPS requested summary judgment "against all other parties" as did A & D Glass Service, PP & G Industries, Inc. and Rixson.

ants, A & D Glass Service, PPG Industries, Inc., and Rixson for summary judgment. UPS has filed an appeal to this court.[2]

■ We must quash the appeal to the extent that it is from that part of the order denying the motion of UPS for summary judgment. Although the appellees, who were the plaintiffs below, did not file a formal motion to quash, we may quash on appeal *sua sponte,* where an appeal is taken from an interlocutory order. *Napet, Inc. v. John Benkart & Sons Co.,* 288 Pa.Super. 187, 431 A.2d 351 (1981); *Campanna v. Travelers Insurance Company,* 355 Pa.Super. 219, 513 A.2d 397 (1986). See also 42 Pa.C.S. § 742. An appeal to this court must be quashed if it is from an interlocutory order unless a right to appeal is expressly granted by statute or rule of court. See Pa.R.A.P. 311, 1311; *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). *Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985).

Generally, an order is not final unless it puts the litigant out of court. We have variously defined a final order as one which ends the litigation or alternatively disposes of the entire case. *Piltzer v. Independence Federal Savings & Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974); *Bagshaw v. Vickers,* 286 Pa.Super. 246, 428 A.2d 664 (1981); *Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985). The salutary reason for this is to preclude piecemeal appeals to this court and the consequent protraction of litigation. *Stevenson v. General Motors Corp.,* 513 Pa. 411, 521 A.2d 413 (1987); *Beers v. Raub,* 363 Pa.Super. 521,

**2.** The order appealed from stated:
"NOW, this 17th day of December, 1987, upon consideration of the motions for summary judgment and briefs submitted by the parties, and following oral argument upon the matter,
IT IS HEREBY ORDERED that the motion for summary judgment of defendant United Parcel (hereinafter sometimes "UPS") is denied.
IT IS FURTHER ORDERED that the motions for summary judgment of the additional defendants A & D Glass Service, Rixson and PPG Industries, Inc. (incorrectly named as the Pittsburgh Plate Glass Company) are granted."

526 A.2d 801 (1987); *Danko Development Corp. v. Econocast Corp.*, 369 Pa.Super. 120, 534 A.2d 1108 (1987).

■ UPS has taken an appeal from the refusal of the court to enter summary judgment in its favor. An order denying a motion for summary judgment is interlocutory and not appealable. *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984); *Hughes v. Pron*, 286 Pa.Super. 419, 429 A.2d 9 (1981). Accordingly, the appeal by UPS from that part of the order denying its motion for summary judgment is quashed.[3]

■ The plaintiffs below, Rosemarie A. French and Melvin H. French, have not appealed from the grant of summary judgment in favor of A & D Glass Service, PPG Industries, Inc. and Rixson.[4] While the appellant, UPS, admits that the order appealed from was interlocutory as to the plaintiffs, it argues that it is nevertheless appealable since it granted summary judgment in favor of the additional defendants. This contention is meritorious.

Pa.R.C.P. 2255(a) provides that "the procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."[5]

3. The appellant, UPS, in its brief on appeal, page 2: "concedes that the lower court's refusal to grant UPS a summary judgment vis-a-vis the plaintiff is interlocutory ..." However, the appellant argues that "the lower court's granting of a summary judgment in favor of only the additional defendants is not interlocutory and is appealable."

4. The appellees stated at page 3 of their brief:
   Plaintiffs did not oppose the Motions for Summary Judgment made by the Additional Defendants.... Plaintiffs therefore have no right to complain, nor do they complain, about the granting of the Motion for Summary Judgment as to the three Additional Defendants.

5. In its third party complaint, UPS alleges *inter alia:*
   13. The Plaintiffs have alleged that said door was installed and/or adjusted so that it existed in and constituted an unreasonably dangerous condition.
   14. The Defendant avers that if the Plaintiff, Rosemarie A. French, sustained injury as alleged in her Complaint, then her injury was caused because of the negligence of the Additional

In effect, the grant of the additional defendants' motions for summary judgment places the defendant out of court on its claims against the additional defendants. As noted above, generally an order is interlocutory unless it effectively puts the litigants out of court, terminates the litigation or disposes of the entire case. *Rigidply Rafters v. Aetna Casualty & Surety Company,* 311 Pa.Super. 549, 457 A.2d 1318 (1983). In applying this rule, "we must look beyond the technical effect of the adjudication to its practical ramifications." *Jackson v. Moultrie,* 288 Pa.Super. 252, 255, 431 A.2d 1033, 1034-5 (1981); *Newman v. Thorn,* 359 Pa.Super. 274, 518 A.2d 1231 (1986); *Bruno v. Elitzky,* 515 Pa. 47, 526 A.2d 781 (1987). The portion of the order which granted summary judgment in favor of the additional defendants terminated the litigation against them by UPS and constituted a final appealable order. See *Shaffer v. Pennsylvania Assigned Claims Plan,* 359 Pa.Super. 238, 518 A.2d 1213 (1986). As noted in *Rossi v. Pennsylvania State University,* 340 Pa.Super. 39, 489 A.2d 828 (1985) an order granting summary judgment as to some defendants in

Defendant, A & D Glass Service, because of its improper installation and/or adjustment and/or maintenance of said door.

   .    .    .    .    .

20. The Plaintiffs have alleged that the injury to Plaintiff, Rosemarie A. French, was a result of the door's "dangerous condition".

21. The Defendant avers that if it is proven that the door was designed and/or existed in a "dangerous condition" that said defect or inadequate design was a result of negligent manufacture of the door by Additional Defendant, Pittsburgh Plate Glass Company.

   .    .    .    .

26. On May 20, 1981, when the Plaintiff, Rosemarie A. French, was allegedly injured by the door as alleged in her Complaint, the door was operated with a closer manufactured by the Additional Defendant, Rixson.

27. The Plaintiffs have alleged that an improper closer caused the injury to the Plaintiff, Rosemarie A. French, and that the closer was responsible for rapidly closing the door upon the Plaintiff Rosemarie A. French.

28. The Defendant believes and therefore avers that the Additional Defendant, Rixson, is solely responsible for the Plaintiff's injuries; therefore it further avers that said Additional Defendant, Rixson, is alone liable for the Plaintiff's [sic] cause of action declared upon by them.

a multiple defendant suit is a final appealable order as to those defendants released from litigation. See also *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985).

Having decided that the order is appealable, as far as granting summary judgment in favor of all additional defendants, we must consider the appeal on its merits. Summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 452 A.2d 269 (1982); *Scheetz v. Borough of Lansdale*, 64 Pa.Cmwlth.Ct. 24, 438 A.2d 1048 (1982). *Hedlund Manufacturing Co. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988). Summary judgment may be entered only in cases that are clear and free from doubt. *Dunn v. Teti*, 280 Pa.Super. 399, 421 A.2d 782 (1980); *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 421 A.2d 747 (1980); *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). In the matter before us, there are substantial factual issues to be decided. The moving parties in this case, the additional defendants, have the burden of proving that no material issue of facts exists. *Billman v. Pennsylvania Assigned Claims Plan*, 349 Pa. Super. 448, 503 A.2d 932 (1986).

■ We must examine the record in the light most favorable to the non moving party and accept as true all well pleaded facts in the non moving party's pleadings and give the non mover the benefit of all reasonable inferences to be drawn therefrom. *Ferguson v. King*, 362 Pa.Super. 543, 524 A.2d 1372 (1987); *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983); *Metal Bank of America v. Insurance Company of North America*, 360 Pa.Super. 350, 520 A.2d 493 (1987). The court below acknowledged that there was conflict in the testimony between Mrs. French, the plaintiff,

and her son's girlfriend who accompanied her on her trip to the UPS office, as to what happened on the day of the accident. The court found that there were material issues of fact in dispute concerning the operation of the door on UPS's property, but that none existed as to the additional defendants who were the manufacturer, seller and installer of the door and its mechanical components. We find that the additional defendants have not carried their burden of establishing that there were no material issues of fact. If the door was manufactured, installed or maintained in a dangerous condition, we cannot say that only UPS is at fault. The door, or its closing mechanism, may have been defective in design or manufacture. We do not determine that such is the case, but we cannot say on the state of the record before us that if there is legal responsibility for Mrs. French's injuries, it is solely that of UPS. In summary judgment proceedings, it is not the court's function to determine facts, but only to determine if a material issue of fact exists. *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984).

Several UPS employees testified on deposition that the door in question appeared at all times to operate properly. The plaintiff herself does not know why the door closed in the manner it did, in a rapid and unexpected manner. Since summary judgment may be entered only in a case that is clear and free from doubt, we believe the court below erred in entering summary judgment in favor of the additional defendants and against the original defendant.

Appeal of United Parcel Service from that part of the order denying its motion for summary judgment quashed and the entry of summary judgments in favor of the additional defendants, A & D. Glass Service, PPG Industries, Inc. and Rixson is reversed.