568 A.2d 642

**Perry N. BLACKMAN, C.P.A., Appellee,**

v.

**Alexander KATZ, C.P.A., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 27, 1989.

Filed Jan. 9, 1990.

258

Janet S. Kole, Philadelphia, for appellant.

Joseph J. Carlin, Philadelphia, for appellee.

Before MONTEMURO, KELLY and HESTER, JJ.

MONTEMURO, Judge:

Appellant, Alexander Katz, C.P.A., appeals from an order of the Court of Common Pleas of Philadelphia. Following a

nonjury trial, the trial court found that appellant had engaged in an outrageous and unconscionable course of conduct which constituted unfair competition. The trial court enjoined appellant from soliciting or servicing the accounts of former clients of appellee, Perry N. Blackman, C.P.A., ordered an accounting of funds received from former Blackman accounts, and awarded compensatory and punitive damages, to be assessed at a hearing within ninety (90) days. Because the issue of damages remains unresolved, a final order has not yet been entered. We quash this appeal as interlocutory.

On November 8, 1983, appellee instituted this action in equity against appellant, seeking equitable relief and monetary damages arising from unfair competition and breach of loyalty and trust. A bench trial was held on May 13 and 14, 1987. The trial court entered Findings of Fact, Conclusions of Law and a Memorandum and Order in favor of appellee on February 22, 1988. Appellant filed his motions for post-trial relief and exceptions on February 29, 1988. The trial court denied the post-trial motions on February 22, 1989. On April 18, 1989, the trial court's orders of February 22, 1988 and February 22, 1989 were reduced to a judgment. Appellant brought this timely appeal.

The trial court's findings of fact are as follows: In April of 1983, appellant and appellee were employed as accountants by Bernard Paltin, C.P.A. Paltin sued appellant, appellee, and some other employees, charging them with intent to take over his business. In settlement of the suit, appellee bought the Paltin business for the sum of one-hundred thousand dollars ($100,000.00), with a down-payment of ten-thousand dollars ($10,000.00) and the balance to be paid in forty-eight (48) monthly installments, secured by a promissory note from appellee to Paltin. Appellant was offered the opportunity to join with appellee in purchasing the Paltin business, but chose not to participate in the purchase.

After the settlement of the Paltin suit, appellant continued his employment with appellee, servicing those accounts purchased from Paltin by appellee as well as new accounts

supplied by appellee. Appellant brought no new accounts to appellee's firm (the Blackman firm). While still employed by the Blackman firm, appellant made plans to start his own practice. During regular business visits, he contacted most of the Blackman accounts, particularly those he thought would be beneficial to his interests, informed them that he was leaving the Blackman firm, and told them of the procedure to follow to leave the Blackman firm and transfer their accounts to appellant. After contacting the Blackman firm's clients, appellant gave appellee two weeks notice of his intent to terminate employment. When asked by appellee which clients would likely follow appellant to his new business, appellant named most, if not all of the accounts that ultimately left the Blackman firm to go with appellant. Although he acknowledged that it would be fair to compensate appellee for those accounts appellant was taking with him, appellant refused to do so. Appellant is currently self-employed.

The trial court found that appellant violated his duty to appellee by unlawfully using his position of confidence to solicit the Blackman firm clients. The trial court found that appellant had engaged in an outrageous and unconscionable course of conduct which constituted unfair competition. In finding for appellee, the trial court entered the following order:

AND NOW, this 17th day of Feb., 1988, after a two day non-jury hearing on the 13th and 14th of May, 1987, and upon consideration of briefs submitted thereafter by all counsel, it is ORDERED and DECREED as follows:

1. Defendant, Alexander Katz, C.P.A. is hereby enjoined from soliciting or representing any accounts which had been entrusted to his care while employed by plaintiff, Perry N. Blackman, C.P.A.

2. Defendant, Alexander Katz, must account to plaintiff for all monies received from all accounts which had been entrusted to his care while employed by plaintiff, Perry N. Blackman.

3. Defendant, Alexander Katz must pay to plaintiff, Perry N. Blackman a sum equal to the actual damages arising from the loss of business and goodwill due to defendant's breach of his obligation.

4. Defendant, Alexander Katz must pay to plaintiff, Perry N. Blackman, punitive damages equal to two times (2) the actual damages as a result of the outrageous and unconscionable course of conduct of Alexander Katz the intent of which was to benefit himself at the expense of his employer.

5. That a hearing will be held within ninety (90) days to assess damages. Jurisdiction by this Court for that purpose retained.

BY THE COURT:

CHARLES P. MIRARCHI, JR., J.

Appellant appeals from this order and the order of February 16, 1989 denying appellant's post-trial motions. On appeal, appellant contends that the trial court's factual findings and conclusions of law are contrary to the weight of the evidence and are erroneous as a matter of law.

 Before we may consider the merits of this appeal, we must determine whether it is properly before us. The appealability of an order is a question of jurisdiction and may be raised *sua sponte*. *French v. United Parcel Service*, 377 Pa.Super. 366, 369, 547 A.2d 411, 413 (1988). It is well-established that an appeal to this court will lie only from a final order, unless a right to appeal is expressly granted by statute or rule of court. *Id.; Fried v. Fried*, 509 Pa. 89, 93, 501 A.2d 211, 213 (1985) (citations omitted). This "final judgment" rule promotes the fair and efficient administration of justice by discouraging multiple appeals in a single case and the consequent protraction of litigation. *French, supra*, 377 Pa.Super. at 369, 547 A.2d at 413 (citations omitted).

 A final order is one which ends the litigation or disposes of the entire case. *Id., citing Piltzer v. Independence Federal Savings & Loan Association*, 456 Pa. 402,

319 A.2d 677 (1974); *Bagshaw v. Vickers,* 286 Pa.Super. 246, 428 A.2d 664 (1981); *Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985). *See also Fried v. Fried, supra,* 509 Pa. at 93, 501 A.2d at 213.

■ We hold that the instant appeal is from an interlocutory order. The trial court's order left unresolved the issue of damages, and thus did not dispose of the entire case. The question of damages in this case is intricately tied to the issue of appellant's liability for unfair competition and breach of trust. The trial court's determination of the amount of damages will entail an inquiry into which Blackman firm accounts had been entrusted to appellant's care and unlawfully solicited by appellant, and a determination of the amount of damages arising from loss of business and goodwill due to appellant's breach of his obligation. Were we to delve into the merits of the appeal at this stage, and affirm the trial court's findings, the case would go back to Philadelphia County for trial on the issue of damages. Following a determination of damages, appellant could bring a second appeal claiming error on the trial court's findings concerning damages. This is just the type of "piecemeal" litigation the final judgment rule was designed to prevent. Under these circumstances, where we would be required to carefully review the factual record and briefs on this appeal, and then conduct another detailed review of the record on a second appeal following a hearing on damages, we find that the order is an unappealable interlocutory order. *Cf. Swift v. Milner,* 296 Pa.Super. 463, 442 A.2d 1144 (1982); *Newill v. Piccolomini,* 228 Pa.Super. 220, 323 A.2d 40 (1974).

This case is similar to those in which the court grants a default or partial summary judgment on the issue of liability but reserves for trial the issue of damages. We have held that this kind of judgment is interlocutory and unappealable. *See Edney v. Southeastern Pennsylvania Transportation Authority,* 356 Pa.Super. 160, 514 A.2d 194 (1986); *Sims v. Feingold,* 329 Pa.Super. 437, 478 A.2d 868 (1984); *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d

1255 (1983); *Inselberg v. Employers Mutual Companies,* 291 Pa.Super. 406, 435 A.2d 1290 (1981).

Although Pa.R.A.P. 311(a)(4) grants a right to appeal from an "order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ," we find that the order in this case is not an injunction within the meaning of Rule 311(a)(4). The trial court's order provides, in part, equitable relief to appellee by enjoining appellant from servicing any accounts which had been entrusted to his care while employed by appellee and by directing appellant to account for all "monies" received from former Blackman firm clients. This injunctive portion, however, is tied to the legal remedy which requires that appellant pay monetary damages for loss of business and goodwill due to appellant's alleged unlawful solicitation of Blackman clients. We hold that Pa.R.A.P. 311(a)(4) is not intended to permit interlocutory appeals of this type. Rule 311(a)(4) contains language identical to its federal counterpart, 28 U.S.C. § 1292(a)(1). The comment following Rule 311(a)(4) states that the rule is patterned after 28 U.S.C. § 1292(a)(1). The federal courts have narrowly interpreted § 1292(a)(1) to permit appeals of interlocutory orders only where the order causes serious, if not irreparable, injury and can be effectually challenged only by immediate appeal orders. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981), *quoting Baltimore Contractors, Inc., v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955); *Stateside Machinery Company, Ltd. v. Alperin,* 526 F.2d 480, 482 (3rd Cir.1975). Similarly, we reject a literal reading of the word "injunction" for purposes of Rule 311(a)(4). This Court has previously noted that Rule 311 "is an extraordinary measure which allows an appeal as of right where an appellate court can prevent irreparable harm to a party by reviewing certain interlocutory orders prior to the ultimate decision of the case." *Beckman v. Abramovitz,* 344 Pa.Super. 149, 496 A.2d 53, 55 (1985), *appeal dismissed,* 512 Pa. 377, 516 A.2d 1386 (1986).

The order in this case does not cause serious or irreparable injury. The trial court stayed execution of the final judgment pending appeal. Thus, the order has not been destructive to appellant's interests. The order can be challenged on appeal following final judgment. Appellant does not lose or waive his right to challenge the issue of his liability to appellee by virtue of our refusal to review it at this stage of the litigation. Upon determination of the amount of appellant's liability to appellee for monetary damages, appellant can appeal the trial court's findings as to appellant's unlawful solicitation of the Blackman firm clients as well as the amount of damages stemming from this unlawful solicitation.

We hold that in this case, where the injunction is part of an interlocutory order which also grants monetary relief of an unresolved amount, and the order does not cause serious or irreparable harm and can be challenged on appeal after a final determination is made, the order is not appealable under Pa.R.A.P. 311(a)(4).

Our Supreme Court has recognized an exception to the final judgment rule, permitting review of an otherwise interlocutory order when "(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), citing *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528, 1536 (1949). *See also Fried v. Fried, supra,* 509 Pa. at 94, 501 A.2d at 214; *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975); *Fox v. Gabler,* 377 Pa.Super. 341, 547 A.2d 399, 402–04 (1988).

The order does not fit within the "collateral order doctrine" exception set forth in *Cohen, supra,* and adopted by our Supreme Court in *Bell v. Beneficial Consumer Discount Company, supra.* The order is not separable or collateral to the main cause of action, since it addresses a

main issue in the case: appellant's liability to appellee for unfair competition and appellee's remedy for the unlawful solicitation. Nor will postponement of review until final judgment result in irreparable loss of a claimed right. As noted above, the trial court stayed execution of the final judgment pending appeal, and, at this stage, the order has no practical effect on appellant. The issue of appellant's liability to appellee is not waived by the inability of appellant to appeal at this stage. Following a hearing on damages, appellant can appeal the trial court's findings as to appellant's unlawful solicitation of the Blackman firm clients and the amount of damages. The order does not meet the first or third prongs of the standard set forth in *Cohen.* We will not review it at this stage of the litigation. The appeal must await the assessment of damages.

We quash this appeal as interlocutory and remand the case for proceedings consistent with this opinion. Jurisdiction is relinquished.