577 A.2d 215

**Malcolm WILLIAMS, Appellant,**

v.

**Mildred THORNTON and Dorothy Thornton Williams.**

Superior Court of Pennsylvania.

Submitted June 7, 1990.

Filed July 12, 1990.

Bernard B. Hughes, Philadelphia, for appellant.

Amy Babiak–Donohue, Philadelphia, for appellees.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant and appellee Dorothy Williams were married in 1984 and separated the following year. Two daughters were born to the couple prior to marriage, Keneeth, now age 7, and Kenya, now age 6. After separation, Mrs. Williams lived with her sister, appellee Mildred Thornton, and the two girls while appellant had partial custody every Sunday pursuant to a court Order derived from an agreement between the parties. On January 19, 1987, Mrs.

Williams left her apartment to go to the store and never returned. Her disappearance is still being investigated. Ms. Thornton subsequently filed for custody of the girls and the trial court, on August 19, 1988, awarded primary physical custody to Ms. Thornton with appellant being awarded visitation every Sunday from 10:00 a.m. until 6:00 p.m.

On December 21, 1988, appellant filed a petition to vacate custody and for contempt which was dismissed for lack of prosecution. On July 24, 1989, appellant again filed a petition to vacate custody and for contempt which is still pending. On September 25, 1989, appellant filed an emergency petition to vacate custody claiming the children were being abused by Ms. Thornton, and he took the children for two weeks, refusing to return them to Ms. Thornton. The court scheduled a hearing for October 2, 1989 on the emergency petition, at which time the court determined that it was not an emergency situation warranting an expedited hearing and ordered the children be returned to Ms. Thornton. The court further ordered appellant's petition to vacate custody filed July 24, 1989 was to proceed through the normal, pre-trial process. The court terminated appellant's partial custody rights pending resolution of the petition.

Initially, we must determine whether this Court has jurisdiction to hear this matter as appellee maintains the Order of October 2, 1989 was not a final and appealable Order. We agree. To be appealable, a custody Order must be a final Order under Pa.R.A.P. 702, Final Orders, and 42 Pa.C.S. § 5105, Right to appellate review. For this Court to have jurisdiction, the appeal must be from a final Order unless otherwise permitted by statute. *Blackman v. Katz*, 390 Pa.Super. 257, 568 A.2d 642 (1990); *Waddell v. Trostel*, 336 Pa.Super. 527, 485 A.2d 1208 (1984). A final Order is one which effectively ends litigation or disposes of the entire case. *Blackman, supra; French v. United Parcel Service*, 377 Pa.Super. 366, 547 A.2d 411 (1988); *Parker v. MacDonald*, 344 Pa.Super. 552, 496 A.2d 1244 (1985); *see also Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985).

On October 30, 1989, appellee filed a motion to quash this appeal which was denied by this Court on November 21, 1989. In doing so, we relied on *Parker, supra,* which held that despite the fact the trial court provided for review of its Order in the future, where such review was only to be upon application by either party and was not scheduled by the lower court, the Order was appealable. We, however, upon careful review of the record and disposition in this case, believe *Parker* is distinguishable from the facts here and therefore is not applicable. In *Parker,* a full hearing on the custody petition was held and a final Order entered, which was subject to review on motions by either party, *after* stated and established periods of shared custody were awarded to each. There was clearly a final Order subject to the right in either party to request a review. In contrast, this case is *pending* before the trial court in its normal post-petition progression toward a full hearing, independent of the emergency hearing on custody, which resulted in the present Order. The trial court, by its Order, temporarily suspended father's custody after hearing, *pending* a full custody hearing on the petition before the court. As such, the court determined the emergency hearing did not warrant escalation of the normal full custody procedure.

Appellant appeals from this Order, claiming the court abused its discretion by sua sponte terminating his partial custody rights without taking testimony or developing a factual record of any kind. As appellant points out, the primary concern in a child custody case is the best interests of the child, including the child's physical, intellectual, emotional, moral and spiritual well-being. *Hartman v. Hartman,* 328 Pa.Super. 154, 476 A.2d 938 (1984). Given appellant's prior actions and history of violence, we find the trial court's Order quite proper.

The record shows appellant violated the custody Order in effect by taking the children for two weeks and refusing to return them to Ms. Thornton. Only through police intervention was Ms. Thornton able to regain custody of the children. Further, appellant has a criminal record, revealed

to the court through the home investigation, and at the time of the hearing, there was an outstanding bench warrant against appellant. In view of these facts—especially appellant's purposeful disregard of Judge Canuso's custody Order—we find the record was sufficiently complete, based on the best interests of the children, to justify the suspension of appellant's partial custody rights pending a full hearing. Since we cannot proceed further to determine the merits of the custody matter without the benefit of a full custody hearing in the trial court, we cannot grant a supersedeas to the trial court's action in suspending partial custody or consider further the custody petition before the trial court.

Appeal quashed and Order affirmed.

Jurisdiction relinquished.