632 A.2d 890

WEIS MARKETS, INC., Appellee,

v.

UNITED FOOD & COMMERCIAL WORKERS UNION, Local 23 Georgie McLaren, Organizer, and Any Other Individuals Acting in Concert, Appellants.

Superior Court of Pennsylvania.

Argued March 10, 1993.

Filed Oct. 5, 1993.

348

Mark F. Lovecchio, Williamsport, for appellants.

Michael M. Apfelbaum, Sunbury, for appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This appeal challenges the order entered August 5, 1992, by the Court of Common Pleas of Lycoming County granting a preliminary injunction the effect of which was to restrain picketing by the defendants/appellants, United Food & Commercial Workers Union, Local 23. We reverse.

The record indicates that the plaintiff/appellee, Weis Markets, Inc., filed a complaint in equity seeking to enjoin the appellants' picketing and distributing leaflets at the single-standing Weis' store in Williamsport, Pennsylvania.

The complaint alleged, as herein relevant, that the union was engaged in unlawful acts,[1] the purpose of which was to disrupt and interfere with the plaintiff's business so as to cause loss of good will of plaintiff's customers and a reduction in sales. Paragraph 9. Further, the appellants' conduct (picketing and distributing leaflets) was alleged to be in violation of the "Trespass Notice" appearing in the plaintiff's store:

1. The plaintiff asserted the commission of the following unlawful acts by the union members, none of whom was employed by the plaintiff nor did they represent any of the plaintiff's non-union employees:

A. Trespassing on the private property of the plaintiff in direct violation of the notices posted on the premises and the warnings provided by plaintiff's agents;

B. Interrupting the business conducted by plaintiff by telling customers to shop elsewhere;

C. Engaging in conduct which constituted harassment of the customers and employees;

D. Interrupting the flow of traffic in the parking lots causing danger for the drivers and pedestrians in the lot; and

E. Distributing leaflets which discouraged customers from shopping at plaintiff's store.

Paragraph 8 A–E.

"Solicitation, distribution of literature or trespassing by non-employees on these premises is prohibited." Paragraph 6. The appellants refused to heed the plaintiff's request to desist, the effect of which caused the plaintiff to "suffer[ ] and ... continue to suffer great and irreparable damages, the amounts of which [could] not be definitely ascertained...." Paragraph 14.

With the allegation that no adequate remedy at law existed to compensate for the irreparable loss and damage incurred, the plaintiff sought to enjoin the appellants' placing more than two pickets in a designated location in front of the store, and engaging in conduct which interfered with the public, employees and deliverymen alike from ingress and egress of the store or parking facilities.

The complaint was verified by affidavit of Weis' general manager and contained a Petition For A Preliminary Injunction premised upon the affidavits of Dennis Wagner and Douglas Nisbet, both employees of the plaintiff, in which the union's conduct was recounted as follows: On August 4, 1992, at approximately 10:30 a.m., the union was on the plaintiff's "porch" [2] handing out literature that the public cease patronizing the plaintiff's non-union store and shop at plaintiff's union competitors.[3] The six union members refused to leave the

2. As described by the court below in its opinion at page 2:

The store porch is approximately fifty-five feet long and thirteen feet deep. A canopy extending the length of the porch runs from the building line to the curb. It is supported at intervals by columns set in a few feet from the curb. Intermittent metal railings running around the edge of the porch prevent shopping carts left on the porch from rolling off the curb into the roadway....

The roadway adjoining the store porch is a fire lane. It contains a parcel pick-up area for the convenience of customers. Beyond the roadway is the store's parking lot.

3. The leaflets read:

DANGER
THIS IS A
NON–UNION
STORE
PLEASE
DO NOT
SHOP HERE

plaintiff's property, and when the State Police were called to the scene, they advised the plaintiff that no action would be taken without a court order.

The court, upon consideration of the complaint and petition of the plaintiff, issued a rule to show cause why the relief requested should not be granted against the defendants. In the second paragraph of the August 5, 1992, "Rule to Show Cause", the court also directed that:

The defendants shall be immediately enjoined from activity throughout the parking lot and porch area of the plaintiff and their activities shall be limited to two (2) pickets at two (2) parking spaces in the parking lot of plaintiff *immediately in front of the store entrance.*[4]

Bond was also set at $5,000.00. As a result of the entry of the August 5th order, the appellants filed a "Notice of Appeal" therefrom with this Court. Despite the filing of the appeal, the court conducted a hearing on August 10, 1992, the result of which was the issuance of an order of even date making the "rule to show cause ... absolute, and ... the preliminary ex parte[5] injunction granted on th[e 5th of August, 1992,] continu[ing] until trial and adjudication of the issues raised in the complaint in equity." Bond was continued.

In response to the court's request, the appellants filed a concise statement of reasons for appeal pursuant to Pa. R.App.P. 1925(b) averring that, *inter alia,* the court was without jurisdiction to enter an injunction for non-compliance

The pickets also wore signs reading:
THIS STORE IS
NON–UNION
This Is To Inform The Public That
This Employer Does Not
Employ Members Of
Or Have A Contract With
UFCW Local 23, AFL–CIO–CLC
PLEASE
DO NOT PATRONIZE

4. The italicized portion of the August 5th order was handwritten by the court below.

5. Appellants were given neither notice of the August 5, 1992, order nor, as a result, did they appear before the court prior to the entry thereof.

with various provisions of Pennsylvania's Labor Anti–Injunction Act, 43 P.S. § 206b, d, i, *l* & n.[6] The court submitted an opinion in support of its preliminary injunction, which the court felt was interlocutory, and the appellants appealed.

The appellants raise four issues for our consideration, the first three of which center upon the authority of the court to issue and the appealability of the August 5, 1992, ex parte preliminary injunction, while the last claim relates to the entitlement of the appellants to attorneys fees if it is found that the court acted improvidently.

 Prior to doing so, however, we need to determine whether the case at bar involves a labor dispute (and, thus, regulated exclusively by Pennsylvania's Labor Anti–Injunction Act) or is a trespass action involved so as to bring it within the ambit of equity procedure (allowing for ex parte injunctions under Pa.R.Civ.P. 1531).

Under the Act, "labor dispute" is defined as:

... *any controversy concerning terms or conditions of employment, or concerning the association* or representation *of persons* in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment *or concerning* employment relations or *any other controversy arising out of the respective interests of employer and employe, regardless of whether or not the disputants stand in the proximate relation of employer and employe,* and regardless of whether or not the employes are on strike with the employer.

43 P.S. § 206c (Emphasis added). As is clearly evident from the description assigned by the Act to the phrase "labor dispute", the conduct of the appellants against Weis Markets, Inc. falls within the perimeters of the Act. As such, the course to pursue in adjudicating the matter is restricted to the requirements recited in the Act and not *equity* procedure under Rule 1531. See, e.g., *Indiana Cobra v. Local No. 23*, 406 Pa.Super. 342, 594 A.2d 368 (1991); *PHK–P, Inc. v. Local 23*, 381 Pa.Super. 544, 554 A.2d 519 (1989).

6. The Act of June 2, 1937, P.L. 1198, § 1, 43 P.S. § 206a *et seq.*

This is evident from the stated policy of the Act against the issuance of an ex parte injunction; to-wit:

> In the interpretation of this act and in determining the jurisdiction and authority of the courts of this Commonwealth, as such jurisdiction and authority are defined and limited in this act, *the public policy of this Commonwealth is hereby declared as follows:*
>
> * * * * * *
>
> (b) Equity procedure that permits a complaining party to obtain sweeping *injunctive relief* that is *not preceded by or conditioned upon notice to and hearing of the responding party or parties or* that permits sweeping *injunctions* to issue *after hearing based upon written affidavits alone and not wholly or in part upon examination, confrontation and cross-examination of witnesses in open court is peculiarly subject to abuse in labor litigation* for the reasons that—
>
> (1) The status quo cannot be maintained, but is necessarily altered by the injunction.
>
> (2) Determination of issues of veracity and of probability of fact from affidavits of the opposing parties that are contradictory and under the circumstances untrustworthy rather than from oral examination in open court is subject to grave error.
>
> (3) Error in issuing the injunctive relief is usually irreparable to the opposing party; and
>
> (4) Delay incident to the normal course of appellate practice frequently makes ultimate correction of error in law or in fact unavailing in the particular case.

43 P.S. § 206b (Emphasis added).

The court, in failing to comply with the "strict" requirements of the Act divested itself of "jurisdiction" to issue a preliminary injunction. The Act provides for no less:

> No court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act, *except in strict conformity with the provisions of this act,* nor shall any

such ... injunction be issued contrary to the public policy declared by this act.

43 P.S. § 206d. See *Indiana Cobra, Inc.,* supra; *PHK–P, Inc.,* supra.

When we examine the articulated "public policy" of the Act, we find that ex parte injunctions are prohibited where "not preceded by or conditioned upon notice to and hearing of the responding party or parties...." 43 P.S. § 206b(b). Further, in contrast to what occurred here, the Act does not "permit[ ] sweeping injunctions to issue after hearing *upon written affidavits alone* and not wholly or in part upon examination, confrontation and cross-examination of witnesses *in open court ....*" *Id.*

■ Instantly, the court's failure to conduct a hearing in open court, with notice to all parties to appear and proffer testimony subject to cross-examination, constituted a violation of the Act's specific provisions necessitating a reversal of the order appealed. *Id.; Indiana Cobra, Inc.,* supra; *PHK–P, Inc.,* supra. Furthermore, the Act precludes the issuance of a preliminary injunction as was issued *sub judice* absent the previously mentioned hearing in open court *and* the issuance of findings-of-fact as to specific matters; namely:

**§ 206i. Basis for labor injunctions.**

No court of this Commonwealth shall issue any restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court to the effect—

(a) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no temporary or permanent injunction or temporary restraining order shall be issued on account of any threat or unlawful act, excepting against the person or persons, association or organization,

making the threat or committing the unlawful act, or actually authorizing or ratifying the same after actual knowledge thereof.

(b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted.

(c) That, as to each item of relief granted, greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by granting of relief.

(d) That no item of relief granted is relief which is prohibited under section six of this act.

(e) That complainant has no adequate remedy at law; and

(f) That the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection.

Such hearing shall be held only after a verified bill of complaint and verified bill of particulars specifying in detail the time, place, and the nature of the acts complained of, and the names of the persons alleged to have committed the same or participated therein, have been served, and after due and personal notice thereof has been given, in such manner as the court shall direct, to all known persons against whom relief is sought, and also to the chief of those public officials of the county and city, within which the unlawful acts have been threatened or committed, charged with the duty to protect complainant's property. The hearing shall consist of the taking of testimony in open court with opportunity for cross-examination and testimony in opposition thereto, if offered, and no affidavits shall be received in support of any of the allegations of the complaint.

\* \* \* \* \* \*

## Rules of Civil Procedure

This section is not deemed suspended or affected by the Rules of Civil Procedure, Rule 1501–1550, governing the Action in Equity. See Rule 1549.

356

43 P.S. § 206i. Accordingly, in light of the short-comings in the court's manner of determining to issue the preliminary injunction, we are required, under the case law and statute, to reverse the actions of the court below.

■ Next, we respond to the second prong of the appellants' relating to the *appealability* of the August 5, 1992, order.

■ We would observe that our Supreme Court has seen fit to provide for the appeal of an injunction by way of Pa. R.App.P. 311(a)(4):

(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

\* \* \* \* \* \*

(4) Injunctions. An order granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions....

See also *Note* to Rule 311. Thus, based on the *Note* succeeding the Rule under scrutiny here, which aids us in ascertaining the intention of the drafters and our Supreme Court in promulgating such procedural requirements, we find that an order granting a preliminary injunction is appealable. See *Indiana Cobra, Inc.,* supra; *PHK–P, Inc.,* supra.

■ Lastly, we respond to the appellants' request for counsel fees and costs in defending against the action. Under the Act:

Upon the denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee.

43 P.S. § 206q. This section of the Act has been interpreted to allow for the imposition of costs and counsel fees upon the party who was *granted* an injunction where, on appeal, it was decided to have been "improvidently" issued by the court. See *Indiana Cobra, Inc.,* supra; *PHK–P, Inc.,* supra. Such is the case here.

Accordingly, for the reasons herein stated, the order appealed is reversed and the case is remanded for proceedings consistent with the law as set forth instantly.

Order reversed, case remanded and jurisdiction is relinquished.

HESTER, J., files a concurring statement.

CIRILLO, J., files a dissenting opinion.

HESTER, Judge, concurring:

I join the opinion of the majority. I would merely add thereto Section 206b(a) of the Labor Anti–Injunction Act which provides as follows:

> (a) Under prevailing economic condition developed with the aid of governmental authority for owners of property to organize in the corporate and other forms of ownership association, the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain acceptable terms and conditions of employment, wherefore, though he should be free to decline to associate with his fellows, it is necessary that he have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint or coercion of employers of labor or their agents in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.

42 P.S. § 206b(a).

The Chancellor's basic error was interpreting the within matter as an action in trespass rather than a labor dispute.

CIRILLO, Judge, dissenting:

I most respectfully dissent. While I do not dispute the majority's findings on the merits of this case, I believe that

the order in question is an unappealable interlocutory order. Thus, the appeal should be quashed.

The appealability of an order is a question of jurisdiction and may be raised *sua sponte. Blackman v. Katz*, 390 Pa.Super. 257, 261, 568 A.2d 642, 644 (1990); *French v. United Parcel Service*, 377 Pa.Super. 366, 369, 547 A.2d 411, 413 (1988). It is well established in Pennsylvania that an appeal to this court will lie only from a final order, unless a right to appeal is expressly granted by statute or rule of court. *Fried v. Fried*, 509 Pa. 89, 93, 501 A.2d 211, 213 (1985). A final order is one that ends the litigation or disposes of the entire case. *Id.* The final judgment rule promotes the fair and efficient administration of justice by discouraging multiple appeals in a single case and the consequent protraction of litigation. *French, supra*, 377 Pa.Super. at 369, 547 A.2d at 413.

Although Pa.R.A.P. 311(a)(4) grants a right to appeal from an "order granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions ...," I believe that the order in this case is not an injunction within the meaning of Rule 311(a)(4). It has been suggested that this rule applies only to orders affecting *preliminary* injunctions. *See* Darlington, *et al., Pennsylvania Appellate Practice* § 311:24 (1986) ("It is clear that the Rule applies to ... *preliminary* injunctions ... As the Official Note to the Rule indicates ... the Rule is based entirely on statutes and decisional law that pertain to the granting, continuing, modifying, refusing or dissolving of *preliminary* injunctions" [citations omitted, emphasis in original] ). *See also Humphreys v. Cain*, 84 Pa.Commw. 222, 474 A.2d 353 (1984) ("It is apparent to the Court from the similarity of language [referring to to 28 U.S.C. § 1292(a)(1) ] that Rule 311(a)(4) was meant to apply only to preliminary injunctions ... Permanent injunctions in the Federal Court are entered by a chancellor and are not interlocutory but final orders"). Here, the order in question was in response to Weis Market's complaint which requested a preliminary injunction until trial, and thereafter a permanent one. I believe that such a preliminary injunction that is

intended to become permanent cannot properly be appealed as of right pursuant to Rule 311(a)(4).

Additionally, the federal courts have narrowly interpreted 28 U.S.C. § 1292(a)(1) to permit appeals of interlocutory orders only where the order causes serious, if not irreparable injury, and can be effectually challenged only by immediate appeal orders. *Carson v. American Brands, Inc.* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981). Based on this, Pennsylvania courts have construed Rule 311 narrowly as well. *Beckman v. Abramovitz,* 344 Pa.Super. 149, 496 A.2d 53 (1985), *appeal dismissed,* 512 Pa. 377, 516 A.2d 1386 (1986). The order in this case does not cause serious or irreparable injury to the union. While it limits the union's activities, it does not bar it from action altogether prior to trial.

I likewise believe the order is not final for purposes of appeal. In examining the order's practical ramifications, it does not preclude the union from further action in the equity court, nor is it dispositive of the case. The issues raised on appeal may be raised at trial if and when the injunction becomes permanent. Thus, the order is not final for purposes of this appeal.

Our Supreme Court has recognized an exception to the final judgment rule, permitting review of an otherwise interlocutory order when "(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), *citing Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The order in question does not meet any of the prongs of this standard. The order is not separable or collateral to the main cause of action since it addresses a main issue in the case, whether the union's conduct should be enjoined. As discussed above, postponement of review until final judgment will not result in irreparable loss of a claimed right. Lastly, after trial the union can appeal the trial court's findings as to whether its conduct should be enjoined. Thus,

360

it should not be reviewed at this stage of the litigation. In accordance with the trial court, I would quash this appeal as interlocutory. Therefore, I respectfully dissent.