J-S53002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| I.C. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| E.C. | : | No. 1410 EDA 2020 | |

Appeal from the Order Entered June 24, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2010-5932

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

CONCURRING/DISSENTING MEMORANDUM BY LAZARUS, J.:

**FILED:  FEBRUARY 22, 2021**

I agree this case must be sent back to the trial court.  However, I disagree with the Majority's determination that this order is a final, appealable order.  The order was not entered after a full hearing, it was not intended to constitute a determination of the ultimate issues between the parties, and, in fact, it did not "dispose of all claims and all parties."  Pa.R.A.P. 341(b).  Therefore, I would quash.

The hearings on June 11, 2020, and June 18, 2020, pertained to Father's petition for contempt.  At both, Father participated *pro se*.  At the conclusion of the June 18, 2020 hearing, the court denied Father's petition for contempt.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The court then decided to rule on Father's petition for modification, stating it would cancel the master's hearing on that petition in its order. The court asked Father if he objected; Father responded, "As best that I understand what's going on, I do not. I trust you." N.T., 6/18/20, at 115. At the conclusion of argument, the court denied Father's petition for modification and entered an order allowing Father to text, call or FaceTime the children, "to ease [Father's] way back into having some sort of relationship with [his] children. *Id.*

The court stated in its opinion that the order "temporarily suspended Father's partial custody and ordered reunification counseling." Trial Court Opinion, 8/13/20, at 11. Notably, the further proceedings contemplated by the court were intended to allow reconsideration of its determination. The trial court stated the order was "designed to allow reconsideration [] with additional information gleaned from the interim reunification counseling and with a full analysis pursuant to [23] Pa.C.S.A. § 5328 [the custody factors.]" *Id.* The court also stated that it "is in the process of scheduling a trial on the ultimate issues in the case, the appeal is premature and should be quashed and this matter remanded to the Court of Common Pleas for further proceedings." *Id.* The interim order was precisely that—an order intended to allow Father and children to ease back into their relationship and participate in reunification counseling, and to give the court more information in order to make a final determination as to whether a modification of primary custody

would be in the children's best interests. Despite this, and despite the fact that the Majority recognizes that "a new evidentiary hearing" may be necessary, the Majority finds the order is final. **See Williams v. Thornton**, 577 A.2d 215, 217 (Pa. Super. 1990) (order intended only to determine parties' relation during pendency of custody litigation, not to resolve ultimate issues central to parties' dispute, is interlocutory); **see also G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996) (custody order will be considered "final order" and appealable only if it is both entered after court has completed its hearings on merits and intended by court to constitute complete resolution of custody claims pending between parties).

In conclusion, I would find that the June 23, 2020 order is a temporary modification and, therefore, the instant appeal is premature. I also stress that before the court can engage in a comprehensive analysis of the statutory custody factors, a hearing is necessary with respect to the information gleaned from interim reunification counseling and from close examination of the issue of Mother's alienation.