J-S64030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.S. | : | IN THE SUPERIOR COURT OF |
|     Appellee | : | PENNSYLVANIA |
| | : | |
|     v. | : | |
| | : | |
| | : | |
| C.S. | : | |
| | : | |
|     Appellant | : | No. 754 EDA 2016 |

Appeal from the Order Entered February 23, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2012-006263

BEFORE:  STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 12, 2016**

C.S. ("Father") appeals, *pro se*,[1] from the order entered on February 23, 2016 by the Court of Common Pleas of Delaware County with regard to his Petition for Emergency Special Relief ("the February 2016 Order").  This order instructed the parties to continue to follow the custody order of September 1, 2015, which had placed physical custody of the parties' children with S.S. ("Mother").  The February 2016 Order also required Mother to continue to receive professional treatment for drug and alcohol abuse and to be subject to random drug and alcohol testing.  We conclude that we lack jurisdiction over this order, as it is not final or otherwise appealable.  We therefore quash the appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Father was represented by counsel at all relevant hearings before the trial court and through the inception of the instant appeal.

The parties were married in August 2002 and had four children, the youngest of whom is five years old.[2] In 2012, Mother filed a Complaint in Divorce, and Father filed a Complaint in Custody. The parties entered into several custody orders during the course of these proceedings and are currently governed by the custody order dated September 1, 2015. Regarding this order, the trial court explained:

> The most recent custody order, entered September 1, 2015, was not entered by agreement but rather at the recommendation of the custody master, Gregory Hurchalla, and signed as an Order of the Court by the Honorable William C. Mackrides. The September 1, 2015 Order did not change physical custody and granted Mother primary physical custody, but modified legal custody granting Mother sole legal custody. The September 1, 2015 Order was timely appealed and is pending a de novo hearing, the scheduling of which has been delayed largely by Appellant's prior appeal[3] and the current appeal to the Pennsylvania Superior Court, which divested the Trial Court of jurisdiction.

Trial Court Opinion, 4/7/16, at 2.

On December 1, 2015, Mother was arrested and charged with driving under the influence of alcohol and endangering the welfare of a child.[4]

---

[2] The children (collectively, "Children") were born in 2004, 2005, 2008, and 2010. All four Children are the subjects of this custody matter.

[3] The reference is to an appeal of the September 1, 2015 order that was docketed in this Court at No. 3025 EDA 2015. We quashed that appeal on November 16, 2015, because Father had not complied with a requirement to participate in a *de novo* trial court hearing of the custody master's determinations and the September 1, 2015 order therefore was not final and appealable at that time.

[4] 75 Pa. C.S. § 2802; 18 Pa. C.S. § 4304.

Subsequently, on January 13 and 14, 2016, the police were called to her home to address incidents of intoxication while she was caring for the Children. See Trial Court Order, 2/23/16, at 1; Trial Court Opinion, 4/7/16, at 5

On January 15, 2016, Father filed an emergency petition in which he sought, among other things, to obtain sole custody of the Children. The trial court's disposition of that petition is the subject of this appeal. The trial court summarized the relevant history as follows:

> On or about January 15, 2016, Father filed an Emergency Petition for Special Relief (hereafter "the Emergency Petition"), raising concerns that Mother was intoxicated during her custodial periods and requesting that Mother undergo a full psychological and drug and alcohol evaluation. Father likewise requested that he be awarded sole physical and legal custody with any visitation by Mother to be supervised pending the de novo custody hearing and pending the outcome of the requested evaluations.

> The Trial Court granted Father's Emergency Petition, however, chose to fashion relief by imposing safeguards for the protection of the Children pending a hearing, rather than grant the extraordinary relief Father requested. Specifically, the Trial Court entered an Order dated January 15, 2016, which required Mother's periods of physical custody to be supervised [by an adult individual] pending a hearing which was scheduled for January 20, 2016.

> On or about January 20, 2016, the Trial Court began the hearing on the Emergency Petition. At the request of and by agreement of counsel,[5] the hearing on the Emergency Petition was delayed to accommodate the experts' schedules . . . . The hearing on the Emergency Petition, was not able to be completed on January 20, 2016. The Trial Court, therefore, entered a temporary order dated January 21, 2016, which continued to

---

[5] Father disputes the trial court's characterization of agreement. Father's Brief, at 29.

mandate that Mother's periods of physical custody be supervised, continuing the remainder of the provisions of the September 1, 2015 Order, scheduling additional hearing dates for February 9, 2016, February 16, 2016, and February 19, 2016, requiring the children's attendance on specific hearing dates, ordering a telephone conference with Andrea Serber, MSS, ordering that Mother continue treatment with Andrea Serber, MSS as well as the Women's Emotional Wellness Center, and ordering that Mother shall be subject to random drug and/or alcohol testing at the discretion of Andrea Serber.

After the hearing of February 16, 2016, the Trial Court entered another temporary custody order dated February 19, 2016, which required the parties to comply with the September 1, 2015 Order with the following additions: (1) Mother shall continue treatment with Andrea Serber, MSS as well as the Women's Emotional Wellness Center, (2) Mother shall continue to be subject to random drug and/or alcohol testing, at the discretion of Andrea Serber, and (3) [the parties' third child] shall continue with counseling.

Finally, at the conclusion of the last day of testimony on the Emergency Petition, February 19, 2016, the Trial Court entered the Order dated February 23, 2016, which is the subject of this appeal. This Order required the parties to follow the Current Custody Order dated September 1, 2015, required Mother to continue treatment with Andrea Serber, MSS and required participation in random drug and/or alcohol testing at the discretion of Ms. Serber and complying within one (1) hour of notification, complete treatment with Women's Emotional Wellness Center, and further requiring [*sic*] that Mother continue to treat with her psychologist. The Trial Court also issued the Following Findings of Fact in support of its decision: (1) Father took appropriate action when confronted with a call from his [m]inor [s]on on January 13, 2016, (2) Mother had an episode with alcohol and anxiety on January 13, 2016 and January 14, 2016, (3) Mother's family took appropriate action to ensure that the children were safe and cared for on January 13, 2016 and January 14, 2016, (4) Mother had the support of numerous family members who were available and willing to assist Mother during her periods of physical custody, (5) Mother sought treatment with appropriate providers, including Andrea Serber, MSS, a Psychiatrist and a support group, (6) Mother continue[d] to treat and address her issues which now appear under control,

and (7) Mother has attended to all the needs of the Minor Children, including counseling.

Trial Court Opinion, 4/7/16, at 2-5 (footnotes omitted).

On March 7, 2016, Father, through counsel, filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). On appeal, Father raises the following issues:

I.   Did the Trial Court abuse its discretion and commit reversible error in failing to comply with [Pa.R.C.P.] 1915.10(a) and [23] Pa.C.S. [§] 5323(d) in failing to provide its reasoning on the record or in writing in interim custody orders?

II.  Did the Trial Court abuse its discretion in failing to order a psychological examination of Mother to determine if she presents a physical, emotional and psychological risk pursuant to 23 Pa.C.S. [§] 5330 after Mother's arraignment for EWOC [endangering the welfare of children] and DUI, highest level?

III. Did the Trial Court abuse its discretion in failing to expeditiously hear the emergency petition pursuant to 23 [Pa.C.S. §] 5330(a)?

IV.  Did the Trial Court abuse its discretion and demonstrate bias against the Father by issuing a series of "unappealable" interlocutory orders denying Father's Parental and Constitutional rights?

V.   Did the Trial Court abuse its discretion and demonstrate further bias against the Father ordering compliance with an illegal custody order of September 1, 2015 which removed Father's legal custody for no stated reason either on the record or in writing?

Father's Brief, at 7-8.

Before addressing the merits of Appellants' claims, we must determine whether this matter is properly before us. Pennsylvania law makes clear that:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

A final order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. [T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order."

*Veloric v. Doe*, 123 A.3d 781, 784 (Pa. Super. 2015) (quoted citation and quotation marks omitted).[6]

The test for determining the finality of a custody order was set forth in *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*): "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties."

After review, we concluded that the order at issue here was not a final order. The order was entered to address interim issues in the parties'

---

[6] Rule 341(b)(2), which defined a final order to include an order "expressly defined as a final order by statute," was rescinded in April 2016.

ongoing custody proceeding, including issues framed by Father's "emergency" petition. As the trial court explained:

> In the instant action, there are **many unresolved custodial issues**, including Appellant's *de novo* custody appeal. While the Trial Court did hold a hearing on the Emergency Petition, which spanned several days, the Order entered February 23, 2016 merely resolved the Emergency Petition and made appropriate modifications to the existing custody order for the protection, safety and welfare of the minor Children **pending a full custody trial** on the *de novo* appeal.

Trial Court Opinion, 4/17/16, at 6 (emphasis added).

As the trial court emphasized in its opinion, this case still awaits a final *de novo* hearing. ***Id.*** at 2. Thus, hearings on the merits of the custody issues are far from complete. Accordingly, the trial court itself clarified in its opinion that it did not intend for the February 2016 order to be its final word on custody:

> To the extent that Father complains of unidentified prior Orders which Father categorizes as both "interim" and "final," the Trial Court is without sufficient information to ascertain which Orders Father complains of, contests the identification of a portion of the complained of Orders as being final, and addresses the issues as they relate only to the February 23, 2016 Order.
>
> Furthermore, contrary to Father's complaints that the Trial Court failed to provide its reasoning for entry of the February 23, 2016 Order in contravention of the statutory requirements, the Trial Court did issue Findings of Fact in support of its decision; however, the Trial Court contends that such requirement is reserved for awards of final custody after a full and fair custody trial on the merits and is not applicable to a Trial Court's emergency response required to protect the health, safety and welfare of the Children.

Trial Court Opinion, 4/7/16, at 6.

The wording of the February 2016 Order does not suggest that the court was issuing a final order. The court said that "[f]urther Findings of Fact and Conclusions of Law may be submitted" to it in the event of an "appeal of this case," which, while not determinative, might suggest an intent that the order not be final. The court's later opinion confirms that the order was not final. **See** Trial Court Order, 2/23/16, at 2, "Findings of Fact," ¶ 8; Trial Court Opinion, 4/17/16, at 6. **See also In re F.B.**, 927 A.2d 268 (Pa. Super. 2007) (child custody order not final or appealable, in part because wording of order did not indicate that it was a final order). Since the February 2016 order was not a final order, it was not appealable.

Father argues that, even if the February 2016 order were not a final order, this Court still has jurisdiction over this matter pursuant to Appellate Rule 313(a), which permits an appeal from a collateral order. **See** Father's Brief at 1, 17. Under Appellate Rule 313(b):

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

However, as in **G.B.**, Father does not explain or demonstrate how the collateral order doctrine could apply here. **See G.B.**, 670 A.2d at 721. Almost by definition, an interim custody order is not "collateral" to or separable from the main custody cause of action in the case. To the contrary, the issues Appellant seeks to raise, such as the alleged need for

psychological evaluations, are inextricably intertwined with the ultimate question of where custody should be placed. *See Miller v. Steinbach*, 681 A.2d 775, 778 (Pa. Super. 1996). Hence, the February 2016 Order is not appealable as a collateral order.[7]

Finally, the context of an emergency petition does not create an exception to the requirement of finality for appeal of the trial court's action. *See G.B.*, 670 A.2d at 716 (order deciding an emergency petition found interlocutory); *Williams v. Thornton*, 577 A.2d 215 (Pa. Super. 1990) (same). The trial court's order responding to Father's emergency petition was just one more interim order entered by the court as it managed this fraught proceeding between the parties.

Accordingly, the February 2016 order is neither final nor otherwise appealable. Consequently, we are bereft of jurisdiction to review it and must quash the appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/12/2016</u>

---

[7] A rare example of an order in a custody action that is collateral and therefore appealable is an order denying a petition to intervene in the action. *See K.C. v. L.A.*, 128 A.3d 774 (Pa. 2015). The appealable order in such a case is the denial of intervention, not the custody order itself.