J-S34017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.F. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| S.F. AND D.H. | |
| APPEAL OF: D.H. | No. 3117 EDA 2016 |

Appeal from the Order Entered August 24, 2016
In the Court of Common Pleas of Lehigh County
Domestic Relations at No(s): 2014-FC-1187

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.*

MEMORANDUM BY SOLANO, J.:                    **FILED JULY 12, 2017**

D.H. ("Father") appeals, *pro se*, from the order entered on August 24, 2016, by the Court of Common Pleas of Lehigh County with regard to the Petition for Special or Emergency Relief filed by L.F. ("Maternal Aunt"). The order stated that it granted "sole legal and primary physical custody" of H.H. ("Child"), born in 2006, to Maternal Aunt. Because we conclude that this is not a final appealable order, we quash Father's appeal.

Father is incarcerated in South Carolina. S.F. (Mother) was awarded custody at a prior hearing, but her whereabouts are presently unknown. Throughout this time, Child has been living with Mother's sister, Maternal

_____

* Retired Senior Judge assigned to the Superior Court.

Aunt. On August 5, 2016, Maternal Aunt petitioned to obtain custody of Child instead of Mother. No action has been taken on that petition to modify custody because of Mother's disappearance; according to the trial court, the scheduling of a custody trial has been stayed because of this appeal.

At the same time as she petitioned to modify custody, on August 5, 2016, Maternal Aunt filed an emergency petition in which she sought to obtain "full legal and physical custody" of the Child so that she could obtain medical treatment for him and have him enrolled in school. The trial court scheduled an emergency hearing for August 24, 2016. It explained:

> Notice of an emergency hearing was sent out to Father on August 10, 2016. [The trial court] received no mail, and no filings from Father prior to that hearing which would have indicated an interest in Father's participation. . . . Unfortunately, Father is incarcerated in South Carolina . . . [Father's] present ability to take custody of the child, to enroll him in school, get him the necessary shots, eye exams, dental exams, clothing, etc., was non-existent at the time of the emergency hearing. The only person able to take custody of this child and provide these things is the Maternal Aunt.

Trial Ct. Op. at 1-2. After receiving testimony from Maternal Aunt, the trial court entered the following order on her emergency petition:

> This 24th day of August, 2016, upon consideration of the emergency petition of [Maternal Aunt], the Court grants sole legal and primary physical custody of [Child], her nephew . . . . [Maternal Aunt] is authorized to make all medical, educational, and other decisions that would ordinarily be made by an actual parent.

N.T., 8/24/16, at 7. The court stated that "this is just an emergency order" and that it would be holding a custody conference in the future. ***Id.***

According to the docket, the order was mailed on August 25, 2016.

Father subsequently filed two *pro se* notices of appeal. The first one is entirely handwritten and is dated September 6, 2016, but has no certificate or proof of service; it was received by the Clerk of Judicial Records for Lehigh County on September 27, 2016. The second notice of appeal is a form with the "blanks" completed in handwriting; this second notice has a proof of service attached and is dated September 21, 2016. It too was received by the Clerk of Judicial Records for Lehigh County on September 27, 2016.

An appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. In light of the date on the proof of service for Father's second notice of appeal, Father's appeal is timely under the prisoner mailbox rule. *See Commonwealth v. Whitehawk*, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) (under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

Father's handwritten brief[1] states that he was able to care for his son prior to his incarceration and does not want to lose his ability to regain custody after he is released. The brief continues:

_____

[1] Father failed to include a Statement of Questions Involved pursuant to Pa.R.A.P. 2116 in his *pro se* brief to this Court. Normally, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). However, as we are able to
*(Footnote Continued Next Page)*

- 3 -

The purpose for me appealing the ruling that was made on August 24 2016 is because the Court did not specify . . . if the ruling was a permanent or temporary order. . . . [I]n March 2015 when Judge McGinley gave [Mother] custody, she also allow[ed] [Maternal Aunt] to keep her temporary custody. . . . I have no problem with [Child] being in the custody nor living with [Maternal Aunt] up until my release from prison. I am respectfully asking for the mercy of Court to modify the order from Sole Legal Custody to Temporary Custody.

. . . [M]y main objective is not to be stripped of my parental rights. I'm a devoted father to all my kids. I respectfully move to have the order . . . be modified to a Temporary Legal Custody Order.

Father's Brief at 2-3 (unpaginated) (some capitalization and punctuation altered).[2]

Before addressing the merits of Father's claims, we must determine whether this matter is properly before us. Under Pennsylvania law —

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

A final order is one that disposes of all the parties and all the claims . . . or is entered as a final order pursuant to the trial court's determination. [T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order.

*(Footnote Continued)* _____

discern the issues raised by Father on appeal, we decline to dismiss his appeal for non-compliance, and instead will consider the merits of his appeal. ***See, e.g.***, ***In re J.F.***, 27 A.3d 1017, 1019-20 n.5 (Pa. Super. 2011) ("We have reviewed [Appellant]'s brief and observe that she failed to substantially comply with the Rules of Appellate Procedure . . . [B]ecause we are able to discern the issues raised by [Appellant] on appeal, we decline to [quash for non-compliance] in this case").

[2] Appellee has not filed a brief.

*Veloric v. Doe*, 123 A.3d 781, 784 (Pa. Super. 2015) (citation and quotation marks omitted). The test for determining the finality of a custody order was set forth in *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*): "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties."

We conclude that the trial court's emergency order was not a final order. The order was entered to address the issues framed by Maternal Aunt in her emergency petition, including the urgent need to enroll Child in school and arrange for appropriate medical care for Child. As the trial court itself clarified in an opinion filed pursuant to Appellate Rule 1925(a), the court did not intend for the August 2016 order to be its final word on custody of Child, as the custody case still awaits a full hearing. Trial Ct. Op. at 2.[3] Thus, as hearings on the merits of the custody issues are not complete, there is no final order. The fact that the order at issue was entered in response to an emergency petition does not bring it within any exception to the requirement of finality for appeal of the trial court's action.

---

[3] The trial court stated: "The Appellant is correct that we do not state specifically in the order whether it is a temporary order or a permanent order. However, it was presented as an emergency petition and we have treated it in that manner." Trial Ct. Op. at 1.

*See G.B.*, 670 A.2d at 716 (an order deciding an emergency petition is interlocutory); *Williams v. Thornton*, 577 A.2d 215 (Pa. Super. 1990) (same).[4]

Moreover, the emergency order does not impact Father's rights as a parent. As the trial court explained:

> Father has suffered no harm to his rights as a father by virtue of the order entered August 24, 2016, because that order is an emergency order. While we are glad that Father is expressing a sincere interest in his child, we are not quite sure why Father is pursuing this appeal. A full hearing is due to be scheduled, and he will be notified . . . of the time and date of that hearing, and given an opportunity to participate by appropriate means.

Trial Ct. Op. at 2-3. Thus, Father will have the opportunity to participate in hearings about future custody of his son, and his fears that the trial court's emergency order will somehow deprive him of parental rights therefore are unfounded.

Because the August 2016 order is neither final nor otherwise appealable, we are bereft of jurisdiction to review it and quash the appeal.

Appeal quashed.

_____

[4] Father does not contend that the order is a collateral order pursuant to Pa.R.A.P. 313(a), and we find no basis for appellate jurisdiction under our rules regarding interlocutory orders.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2017