**NORTHUMBERLAND COUNTY
CHILDREN AND YOUTH
SERVICES, Petitioner**

**v.**

**DEPARTMENT OF PUBLIC
WELFARE, Respondent.**

**S.C., Petitioner**

**v.**

**Department of Public Welfare,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 23, 2010.

Decided July 29, 2010.

Michael J. Robinson, Sunbury, for petitioner.

No appearance entered on behalf of respondent.

Julie A. Werdt, Pottsville, for intervenor, S.C.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

In these consolidated appeals, Northumberland County Children and Youth Services (CYS) and S.C. seek review of the order of the Department of Public Welfare, Bureau of Hearings and Appeals (Bureau), directing CYS to provide S.C. with documents that CYS' expert witness would use at a hearing scheduled on S.C.'s request for expungement of the indicated child abuse report. CYS argues that 55 Pa.Code § 3490.104, relied on by the Bureau to support the discovery order, is invalid because it conflicts with the confidentiality provision in Section 6340 of the Child Protective Services Law (Law), *as amended*, 23 Pa.C.S. § 6340. In her appeal, S.C. argues that the Bureau should have required CYS to produce all documents and information requested in her motion to compel discovery. This Court has raised the issue of whether the Bureau's order constitutes a collateral order appealable as of right under Pa. R.A.P. 313.

I.

On February 4, 2009, CYS received an oral report that S.C. physically abused her infant son, S.P., who was born in January 2009. On March 6, 2009, CYS issued an indicated report (Form CY–48), naming S.C. and the child's father as perpetrators of child abuse. In the report, CYS stated:

The minor child was seen at Janet Weis Children's Hospital Geisinger [M]edical Center. The physician documented seizure activity and subdural hematomas

and concluded these injuries were the result of physical abuse. The alleged perpetrators were interviewed and denied any abuse or neglect of the minor child. They also could not provide an explanation for the injuries although they both were primary caretakers for the child. This case meets criteria for serious physical injury.

Reproduced Record (R.R.) at 33. The Department of Public Welfare (Department) subsequently determined that the indicated report was accurate and was being maintained in a manner consistent with the Law.[1]

S.C. appealed the Department's determination to the Bureau and requested that the indicated report be expunged. The Bureau then scheduled a hearing for September 17, 2009 and directed S.C. and CYS to comply with the Bureau's Standing Practice Order issued on March 28, 2008. Part 7 (Discovery), Rule 22(b) and (e) of the Standing Practice Order provides:

> · (b) The practice of the Bureau has been to direct parties to exchange material and relevant information which a party intends to use in a formal proceeding as soon as practicable after a hearing has been scheduled in order to avoid delay of the hearing date.
>
> . . . .
>
> (e) A Witness List for **Child Abuse Expunction** appeals shall be filed according to the instruction specified in the Unified Pre–Hearing Filing.

R.R. at 50–51 (emphasis in original).[2] CYS filed a Unified Pre–Hearing Filing, listing as its witnesses the caseworker, Jill Stender, and the pediatrics inpatient director at Geisinger Medical Center and S.P.'s treating physician, Paul J. Bellino, M.D. CYS provided S.C. with a copy of the indicated report and stated that Dr. Bellino's report would be provided on the day of the hearing.

S.C. thereafter filed a motion to compel CYS to produce the following documents and information:

> 1. The expert report of Dr. Bellino, expert witness for [CYS].
>
> 2. All documentation, including medical records and films of S.P., upon which Dr. Bellino is using or has used to form the basis of his expert testimony.
>
> 3. Any and all information contained in the investigatory file of [CYS], which has been properly redacted.

R.R. at 36. S.C. averred that her expert must have the requested documents and information to prepare to rebut Dr. Bellino's testimony.

By order dated September 10, 2009, the Bureau granted S.C.'s motion in part and directed CYS to comply with S.C.'s "request to produce all documentation, including medical records and films of subject child, S.P., upon which Dr. Bellino will be using as part of his expert testimony in accordance with 55 Pa.Code § 3490.104 and the Standing Practice Order Rule

---

1. An indicated report is a child abuse report filed when an investigation by the county agency or the Department determines that substantial evidence of the alleged abuse exists. Section 6303(a) of the Law, *as amended,* 23 Pa.C.S. § 6303(a); 55 Pa.Code § 3490.4. Any person named as a perpetrator of child abuse in an indicated report may ask the Secretary of the Department "to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with [the Law]." Section 6341(a)(2) of the Law, *as amended,* 23 Pa.C.S. § 6341(a)(2).

2. Standing Practice Orders are procedural rules issued by the Bureau pursuant to 67 Pa.C.S. § 1102(g) and govern practice before the Bureau. *Julia Ribaudo Senior Servs. v. Dep't of Pub. Welfare,* 600 Pa. 641, 969 A.2d 1184 (2009).

# 22." R.R. at 38. Section 3490.104(a) provides:

> Upon written request to a county agency or ChildLine,[3] a subject of a report may receive at any time a copy of the reports filed with the county agency and ChildLine. The identity of the person who made the report or a person who cooperated in a subsequent investigation may be released only under § 3490.94 (relating to release of the identity of a person who made a report of child abuse or cooperated in a subsequent investigation). [Footnote added.]

Both CYS and S.C. appealed the Bureau's order. S.C. intervened in CYS' appeal and filed an application to consolidate the appeals, which the Court granted. The Department advised the Court that it would not file a brief.

## II.

■ Before addressing the issues raised by the parties, we must consider whether the Bureau's order is appealable as a collateral order. Generally, an appellate court's jurisdiction extends only to review a final order which (1) disposes of all claims and of all parties, (2) is expressly defined as a final order by statute or (3) is certified as a final order pursuant to Pa. R.A.P. 341(c). Rule 341(a) and (b). Rule 313(a), adopted in 1992 codifying existing case law, provides that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." A "collateral order" is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judg-

ment in the case, the claim will be irreparably lost." Rule 313(b). Whether an order is appealable as a collateral order "is an issue of this Court's jurisdiction to entertain an appeal of such an order." *Commonwealth v. Kennedy*, 583 Pa. 208, 215, 876 A.2d 939, 943 (2005). We directed the parties to file briefs addressing whether the Bureau's discovery order constitutes an appealable collateral order.

■ Because the collateral order doctrine is "a specialized, practical application of the general rule that only final orders are appealable as of right," it "must be interpreted narrowly ... in order to prevent undue corrosion of the final order rule." *Melvin v. Doe*, 575 Pa. 264, 272, 836 A.2d 42, 46–47 (2003). A narrow construction of the doctrine not only avoids piecemeal determinations and protraction of litigation but also furthers judicial accuracy because an appellate court is more likely to decide an issue correctly in the context of a complete adjudication and a full development of record. *Rae v. Pa. Funeral Dirs. Ass'n*, 602 Pa. 65, 977 A.2d 1121 (2009). To be appealable as a collateral order, an order must satisfy all three elements in the definition of a collateral order: separability, importance and irreparable loss. *Melvin*. This three-prong test "must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313." *Rae*, 602 Pa. at 80, 977 A.2d at 1130.

The parties' challenge to the Bureau's discovery order in these appeals raises the issue of S.C.'s entitlement to receive the documents and other information in CYS' possession, which is clearly separate from and collateral to the substantive issue

---

**3.** The "ChildLine" is "[a]n organizational unit of the Department which operates a Statewide toll-free system for receiving reports of suspected child abuse established under sec-

tion 6332 of the [Law, *as amended,* 23 Pa.C.S. § 6332] ..., refers the reports for investigation and maintains the reports in the appropriate file." 55 Pa.Code § 3490.4.

raised in S.C.'s appeal from the indicated report, i.e., whether S.C. physically abused S.P. as alleged by CYS. The Court can address the discovery issue without reviewing the substantive child abuse issue. The mere fact that the documents and information requested by S.C. "shed some light" on the child abuse allegations does not affect the existence of the separability element of a collateral order. *Ben v. Schwartz*, 556 Pa. 475, 483, 729 A.2d 547, 551 (1999) [quoting *In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir.1997) ].

An issue is important for the purpose of the second element of a collateral order, "if the interests that would potentially go unprotected without immediate appellate review of that order are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." *Commonwealth v. Watson*, 597 Pa. 483, 502, 952 A.2d 541, 552 (2008), *cert. denied*, —— U.S. ——, 130 S.Ct. 51, 175 L.Ed.2d 43 (2009) (quoting *Ben*, 556 Pa. at 484, 729 A.2d at 552). As the Supreme Court has explained: "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 555 Pa. 589, 598, 725 A.2d 1209, 1214 (1999).

■ Under Article I, Section 1 of the Pennsylvania Constitution, Pa. CONST. art. 1, § 1, an individual has an "inherent and indefeasible" right to protect his or her reputation. In Pennsylvania, therefore, reputation is a fundamental interest which cannot be abridged without compliance with constitutional standards. *R.H.S. v. Allegheny County Dep't of Human Servs., Office of Mental Health*, 936 A.2d 1218 (Pa.Cmwlth.2007). The discovery issue raised in these appeals involves the consti-

tutionally protected reputation interest of an individual accused of child abuse and the competing interest of the agency in maintaining the confidentiality of information in its possession. The Court is also asked to decide the validity of a provision of the Department's regulations. Resolution of these issues affects not only the parties in this case but also all other litigants in expungement proceedings. Hence, the Bureau's order satisfies the second element of a collateral order.

In addition, there exists " 'no effective means of reviewing after a final judgment an order requiring the production of putatively protected material.' " *Ben*, 556 Pa. at 485, 729 A.2d at 552 (quoting *Ford Motor Co.*, 110 F.3d at 964). Consequently, if the Court defers its review of the Bureau's discovery order until the Bureau's final decision on S.C.'s appeal, the parties' challenge to the order would be irreparably lost and remain unresolved.

Thus, the Bureau's discovery order meets all three elements of a collateral order, and this Court has jurisdiction to decide the appeals from that order.[4]

### III.

■ CYS argues that the Bureau erred in directing it to produce all documentation which Dr. Bellino would use at the hearing as a basis for his testimony, including S.P.'s medical records and films. CYS maintains that under Section 6340 of the Law governing release of confidential information, S.C. is permitted to receive only a copy of the indicated report and that 55 Pa.Code § 3490.104 permitting a subject of the report to receive a copy of all reports filed with the county agency and the ChildLine conflicts with Section 6340 of the Law and is, therefore, invalid. S.C. argues that she is entitled to receive

---

4. Both CYS and S.C. agree that the Bureau's order is an appealable collateral order.

all the documents and information requested in her motion to compel discovery and that her constitutionally protected interest in defending her reputation is not outweighed by CYS' interest in protecting the confidentiality of the documents and information in its possession.[5]

■ The purpose of the Law is, *inter alia,* to protect abused children by encouraging more complete reporting of suspected child abuse without fear that information provided will be made public. Section 6302(b) of the Law, *as amended,* 23 Pa. C.S. § 6302(b); *S.M. by R.M. v. Children & Youth Servs. of Delaware County,* 686 A.2d 872 (Pa.Cmwlth.1996); *V.B.T. v. Family Servs. of W. Pa.,* 705 A.2d 1325 (Pa.Super.1998), *aff'd,* 556 Pa. 430, 728 A.2d 953 (1999). In order to address the issues raised by the parties, it is necessary to examine the relevant provisions of the Law and the regulations providing for the confidentiality of child abuse reports and the exceptions thereto, keeping in mind that statutes and parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things and, as such, must be construed together. Section 1932 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1932; *Wheeling–Pittsburgh Steel Corp. v. Dep't of Envtl. Prot.,* 979 A.2d 931 (Pa.Cmwlth.2009). In addition, every statute must be construed, if possible, to give effect to all of its provisions so that no provision is rendered mere surplusage. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a);

*McElfresh v. Dep't of Transp.,* 963 A.2d 582 (Pa.Cmwlth.2008).

Section 6339 of the Law, *as amended,* 23 Pa.C.S. § 6339, provides:

*Except as otherwise provided in this subchapter* [Subchapter C, Sections 6331–6349], reports made pursuant to this chapter [Chapter 63, the Law], including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) [, *as amended,* 23 Pa.C.S. § 6313(b) and (c) ] as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department or a county agency shall be confidential. [Emphasis added.]

Section 6340(a) of the Law enumerates 17 individuals, officials and entities who may receive "[r]eports specified in section 6339." Section 6340 then sets forth the following exception to confidentiality:

**(b) Release of information to subject of report.**—At any time and upon written request, *a subject of a report may receive a copy of all information,* except that prohibited from being disclosed by subsection (c), *contained in the Statewide central register or in any report filed pursuant to section 6313* . . . .

**(c) Protecting identity of person making report.**—Except for reports pursuant to subsection (a)(9) and (10) [reports to law enforcement officials and the district attorney or his or her designee], the release of data that would iden-

**5.** S.C.'s request for Dr. Bellino's expert report and the information in CYS' investigatory file was deemed denied pursuant to Rule 13(b) of the Standing Practice Order, which provides that "[a] motion for which the Bureau does not enter an Order within thirty days is deemed denied without prejudice." R.R. at 48. Generally, the appellate court reviews a discovery order under the abuse of discretion standard. *Luckett v. Blaine,* 850 A.2d 811 (Pa.Cmwlth.2004). However, where, as here, the parties' challenge to the discovery order involves only a legal question of the proper interpretation of the Law and the regulations, the Court's review is plenary. *Id.*

tify the person who made a report of suspected child abuse or the person who cooperated in a subsequent investigation is prohibited unless the secretary finds that the release will not be detrimental to the safety of that person. Law enforcement officials shall treat all reporting sources as confidential informants. [Emphasis added.]

The term "subject of the report" in Section 6340(b) of the Law is defined as "[a]ny child, parent, guardian or other person responsible for the welfare of a child or any alleged or actual perpetrator or school employee named in a report made to the Department ... or a county agency under this chapter." Section 6303(a), *as amended*, 23 Pa.C.S. § 6303(a). It is undisputed that as a perpetrator of child abuse named in the indicated report, S.C. meets the definition of a "subject of the report." Under the plain and unambiguous language in Section 6340(b), therefore, S.C. is entitled to receive a copy of all information contained (1) in the Statewide central register or (2) in any report filed pursuant to Section 6313, subject to the restriction under Section 6340(c) as to revelation of the identity of the person who made the reports.

Section 6336(a) of the Law, *as amended*, 23 Pa.C.S. § 6336(a), lists 13 specific items of information that may be contained in the Statewide central register. Section 6336(b) limits the release of information from the Statewide central register to the following, "[e]xcept as provided in sections .... 6340 [relating to release of information in confidential reports] ...": (1) whether the report is a founded or indicated abuse or is under investigation; (2) the number of such reports; (3) the nature and extent of the alleged or actual instances of suspected child abuse; (4) the county in which the reports are investigated; and (5) any other information available which would further the purposes of the Law. As the subject of the report under Section 6340(b), therefore, S.C. is entitled to receive all the information maintained in the Statewide central register and is not subject to restrictions on the release of the information under Section 6336(b).

Section 6311(a) of the Law, *as amended*, 23 Pa.C.S. § 6311(a), imposes a duty to report suspected child abuse as follows:

A person who, in the course of employment, occupation or practice of a profession, comes into contact with children shall report or cause a report to be made in accordance with section 6313 ... when the person has reasonable cause to suspect, on the basis of medical, professional or other training and experience, that a child ... is a victim of child abuse.

The person with the duty to report suspected child abuse must make an oral report immediately to the Department by telephone and a written report to a county agency within 48 hours after the oral report in a manner and on forms that the Department prescribes by its regulations. Section 6313(a)-(c). The written report must include, *inter alia:* "[t]he nature and extent of the suspected child abuse"; "[t]he actions taken by the reporting source, including the taking of photographs and X-rays, removal or keeping of the child"; and "[a]ny other information which the department may require by regulation." Section 6313(c)(4), (9) and (10). In addition, "[m]edical summaries or reports of the photographs, X-rays and relevant medical tests" must be sent to the county agency "at the time the written report is sent or as soon thereafter as possible." Section 6314, *as amended*, 23 Pa.C.S. § 6314.

When these provisions are construed in conjunction with the confidentiality provision in Section 6339 of the Law

and the exception for a subject of the report in Section 6340(b), the Law clearly permits the subject of the report to receive all information contained in the reports filed with the county agency, including any accompanying photographs, X-rays and medical tests. Therefore, S.C. is entitled to receive all reports and documents filed with CYS, including Dr. Bellino's expert report and S.P.'s medical records and films, that Dr. Bellino relied on in his report and will use at the hearing. As the Court emphasized in *Dauphin County Social Services for Children and Youth v. Department of Public Welfare*, 855 A.2d 159, 165 (Pa.Cmwlth.2004), however, Section 6340(b) "plainly and unambiguously" limits the release of information to a subject of the report to that maintained in the Statewide central register or in any report filed pursuant to Section 6313. Consequently, S.C. is not entitled to receive any other information in the county agency's investigatory file.

Contrary to CYS' argument, 55 Pa.Code § 3490.104 does not conflict with Section 6340 of the Law. The Law grants the Department broad authority to "adopt regulations necessary to implement [the Law]." Section 6348 of the Law, 23 Pa.C.S. § 6348. The Department's regulations provide in 55 Pa.Code § 3490.91(a)(12):

> Reports, report summaries and other accompanying information obtained under the [Law] and this chapter in the possession of the Department and the county agency are confidential. ... This material shall only be released under the [Law] and this chapter and be made available only to the following:
>
> . . . .
>
> (12) A subject of the report upon written request.

Under 55 Pa.Code § 3490.104, "[u]pon written request to a county agency or ChildLine, a subject of a report may receive at any time a copy of the reports filed with the county agency and the Child-Line." These provisions of the regulations are consistent with the language in Section 6340(b) of the Law permitting a subject of a report to receive a copy of all the information in the Statewide central register or in any report filed with the county agency.[6]

Accordingly, the Bureau's order directing CYS to comply with S.C.'s request for production of all documentation, including medical records and films of S.P., on which CYS' expert relied in his report and will rely at the hearing, is affirmed. The order is reversed to the extent that it denied S.C.'s request for production of the expert report and affirmed to the extent that it denied S.C.'s request for production of other information contained in CYS' investigatory file.

### *ORDER*

AND NOW, this 29th day of July, 2010, the order of the Department of Public

---

**6.** In *Dauphin County Social Services for Children and Youth,* the Court observed that 55 Pa.Code § 3490.91(a)(12) conflicts with Section 6340(a) of the Law because Section 6340(a) does not list a subject of a report as one of the 17 individuals permitted to receive the confidential information. In that case, however, the county agency acknowledged that it had the duty to provide all the information specified in oral and written reports to the subject of the report, and it asserted only that it received no such report. Noting that the subject of the report "received all infor-

mation due to him under Section 6340(b) of the Law," the Court reversed the Bureau's discovery order. *Dauphin County Soc. Servs. for Children & Youth,* 855 A.2d at 165. Because the validity of 55 Pa.Code § 3490.91(a)(12) was not an issue in that case, the observation made by the Court in that case regarding the conflict between Section 6340(a) of the Law and 55 Pa.Code § 3490.91(a)(12) is merely a dictum and, therefore, is not binding on the issue raised in this case.

Welfare, Bureau of Hearings and Appeals directing Northumberland County Children and Youth Services (CYS) to comply with S.C.'s request for production of all documentation, including medical records and films of S.P., on which CYS' expert witness relied in his report and will rely at the hearing, is AFFIRMED. The order is REVERSED to the extent that it denied S.C.'s request for production of the report of CYS' expert witness and AFFIRMED to the extent that it denied S.C.'s request for production of other information contained in CYS' investigatory file.