IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jill Mancini,                                  :
                                               :
        v.                                     :    No. 1062 C.D. 2024
                                               :    Submitted: November 6, 2025
County of Northampton,                         :
                          Appellant            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER              FILED: December 10, 2025

        County of Northampton (County) appeals from the Order of the Court of
Common Pleas of Northampton County (common pleas) that, relevantly, vacated the
April 8, 2022 Decision of the Northampton County Personnel Appeal Board (Board)
and scheduled an evidentiary hearing on damages in a personnel grievance action
filed by Jill Mancini alleging that she was unlawfully terminated from her County
position.  Also before the Court is Mancini's Motion to Quash Appeal (Motion), in
which Mancini asserts the County's appeal should be quashed because common
pleas' Order is not appealable at this time as it is neither a final order nor a collateral
order that is immediately appealable.  Upon careful review, we grant the Motion and
quash the County's appeal for lack of jurisdiction because the Order is not final and
does not fall within one of the exceptions to the final order doctrine.

## I.  BACKGROUND

        The present matter is one more chapter in the ongoing litigation between
Mancini and the County that has now spanned over a decade in both the state and

federal court systems. Previously, this Court set forth the background of this matter as follows:

> Mancini began working for the County as a full-time assistant solicitor in February 2007. . . . In January 2014, Mancini learned that her position had been eliminated and that her employment with the County would be terminated effective February 17, 2014. . . . In response thereto, Mancini filed a grievance with the County, alleging, *inter alia*, that she was a career service employee[FN2] who had been wrongfully discharged without just cause and discriminated against due to her political party affiliation. . . . Following an informal hearing, the County denied Mancini's grievance. . . .
>
> > FN2 The County's elected officials, officers, and employees are members of either the career service or the exempt service. (. . . Section 802 of the County's Home Rule Charter.) The County's exempt service employees include:
> >
> > > (1) all elected officials;
> > >
> > > (2) the heads of agencies immediately under the direction and supervision of the [c]ounty [e]xecutive;
> > >
> > > (3) one confidential or clerical employee for each of the above officials, except for members of the [c]ounty [c]ouncil;
> > >
> > > (4) the [c]lerk of [c]ouncil and the staff of the [c]ounty [c]ouncil;
> > >
> > > (5) the members of authorities, boards, and commissions;
> > >
> > > (6) permanent, part-time professional employees;
> > >
> > > (7) provisional, probationary, and temporary employees;
> > >
> > > (8) officers and employees required to be included in a state merit or civil service system; and
> > >
> > > (9) officers and employees whose inclusion in the career service would be prohibited by the law of Pennsylvania.

(*Id.*)  All other County officers and employees are members of the career service.  (*Id.*)  Career service employees have certain rights relative to their employment with the County as established by the County's Career Service Regulations and Employee Policies Manual.  One of those rights relates to disciplinary action and termination of employment:  "Any disciplinary action, suspension, demotion, or termination of employment . . . of any employee in the [c]areer [s]ervice for disciplinary reasons or unsatisfactory job performance, shall be for just cause only . . . ."  (. . . Career Service Regulation No. 13.01.)

Mancini appealed the County's denial to the Board.[] . . . .  The Board held hearings on May 13, 2014, and June 4, 2014. . . .  Thereafter, by letter dated August 19, 2014, the Board's solicitor notified the parties' counsel that the Board had reached a deadlock; two members of the Board had voted in favor of the County, and two members of the Board had voted in favor of Mancini. . . .  By letter dated November 19, 2014, the Board's solicitor confirmed to Mancini's counsel that, "after an extensive review of the transcripts and exhibits, the Board is hopelessly deadlocked in its decision." . . . .  In that same letter, the Board's solicitor invited Mancini's counsel to offer "suggestions on how . . . Mancini's matter should be handled."
. . . .

Approximately two years later, after the conclusion of a federal lawsuit that Mancini had filed against the County, the County's executive, and the County's solicitor,[1] Mancini filed a mandamus action against the

---

[1] Mancini filed an action pursuant to 42 U.S.C. § 1983 in United States District Court for the Eastern District of Pennsylvania (district court), alleging she was a career service employee who was wrongfully terminated without just cause and due to her political affiliation in violation of the First and Fourteenth Amendments of the United States Constitution, U.S. CONST. amends. I, XIV.  *See Mancini v. Northampton County*, 836 F.3d 308, 312-13 (3d Cir. 2016) (*Mancini I*). The County asserted, as a defense to these claims, that Mancini was not a career service employee and, therefore, did not have an interest in her position protected by due process.  *Id.*  Following a five-day trial, a federal jury found that Mancini's position was a career service position and that her due process rights were violated by the County's actions, and the jury awarded damages.  *Id.* at 313.  After the district court denied the County's post-trial motions, the County appealed to the United States Court of Appeals for the Third Circuit, which affirmed.  *Id.* at 313, 321.  Notably, the Third Circuit observed that the County did not challenge the sufficiency of the evidence that
**(Footnote continued on next page…)**

3

Board with common pleas (Mandamus Action).[] . . . . In the Mandamus Action, Mancini requested that common pleas enter an order directing the Board to: (1) perform its mandatory duty to issue a written decision and findings in connection with her grievance appeal as required by Career Service Regulation No. 15.025 and Employee Policy No. 3.15;[] (2) provide copies of the written decision to Mancini and the County; (3) certify the written decision to the County's Human Resources Department; and (4) provide timely notice to Mancini and the County of their right to appeal from the written decision. . . . On March 25, 2019, after review of the parties' briefs and the stipulated facts and record, common pleas entered an order finding in favor of Mancini and directing the Board to "render a written decision regarding [Mancini's] appeal; provide copies of its decision to [Mancini] and the County . . . ; certify its decision to the . . . County['s] Department of Human Resources; and provide timely notice to [Mancini] and to the County . . . of their respective rights of appeal from its decision and findings" (Mandamus Order). . . .

In response to the Mandamus Order, the Board held a meeting on May 8, 2019, at which time, the Board heard argument from Mancini and the County. . . . Thereafter, on June 17, 2019, the Board issued a written decision denying Mancini's appeal. . . . In so doing, the Board issued factual findings limited to Mancini's termination from her employment with the County, Mancini's appeal to the Board, the prior Board members' deadlock, the Mandamus Action, the change in the composition of the Board members between the time of the prior Board members' deadlock and the Mandamus Order, and the Board's May 8, 2019 meeting.

*Mancini v. County of Northampton* (Pa. Cmwlth., No. 1841 C.D. 2019, filed Jan. 27, 2021), slip op. at 1-5 (*Mancini II*). Mancini appealed the Board's decision to common pleas, which vacated that decision due to it not containing any relevant factual findings or conclusions of law as to the issues before it and reflected that the Board "completely abdicated its duty to issue a decision on the merits of Mancini's grievance." *Id.*, slip op. at 6. We vacated common pleas' order, concluding that the

supported the jury's finding that Mancini's position was a career service position but nevertheless the court reviewed the evidence and held that the jury's finding had sufficient evidentiary support. *Id.* at 314-15. It also found the evidence sufficient to support the jury's finding that the County violated Mancini's due process rights. *Id.* at 315.

4

Board had not properly discharged its responsibility to adjudicate Mancini's appeal, but that common pleas exceeded its appellate authority by substituting its decision, and remanded for the Board to issue a new decision. *Id.*, slip op. at 11-12.

The present matter is the result of the Board's remand decision, in which the Board unanimously denied Mancini's appeal based on the existing record.[2]  The Board found that it was bound by collateral estoppel to conclude that Mancini was a career service employee based on *Mancini v. Northampton County*, 836 F.3d 308, 313 (3d Cir. 2016) (*Mancini I*).  (Reproduced Record (R.R.) at 686a-88a.)  It further held that the reorganization of the Solicitor's Office was not pretextual or politically motivated, but was valid and independently vetted by the County Council's Personnel Committee and approved by the County Council.  (*Id.* at 686a, 689a.)  The Board then concluded that Mancini's claim that the County failed to provide Mancini with a pretermination hearing, and therefore violated Mancini's due process rights, had been adjudicated in federal court in *Mancini I*.  (*Id.* at 686a, 690a.)  Finally, the Board found that the County provided Mancini the notice required by the Home Rule Charter and County Policies, and that as to the recall opportunities contained therein, "Mancini failed to meet her burden that there were other positions available for her to exercise any career service rights.  And there's a lack of evidence of any positions to which she had any entitlement, and that she would have accepted." (*Id.* at 686, 690a-91a.)  The Board explained that the evidence established that there were no available full-time assistant solicitor positions after the layoff and the remaining positions were part-time, exempt (not career service) positions.  (*Id.* at 691a.)

Mancini appealed to common pleas, asserting that the Board erred in concluding that the reorganization was not pretextual and that the County had fully

___

[2] The Board's Decision begins on page 675a of the Reproduced Record.

5

complied with its policies and requirements for laying off career service employees. Acknowledging that a complete record had been made before the Board, common pleas reviewed the Board's Decision to determine if any error of law or violation of constitutional rights occurred or if the factual findings made were not supported by substantial evidence. (Common Pleas' Statement of Reasons (SOR) at 6-7 (citing Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b)).) Common pleas agreed with the Board that Mancini had to be considered a career service employee based on *Mancini I* and found that substantial evidence supported the Board's finding that the reorganization was not pretextual. (*Id.* at 8-9, 12-13.) Common pleas held, however, that the Board erred in concluding that the County followed its policies in laying off Mancini and that the Board's finding in this regard was not supported by substantial evidence. (*Id.* at 14-15.) In particular, common pleas concluded that, under the County's policies,

> the County ha[d] the burden of notifying a career service employee facing layoff, in writing of their displacement and recall rights. This includes not only displacement opportunities in either a lateral movement or a lower-titled job within that department, but such employees are entitled to "accept employment in an equivalent or lower job title vacancy in another County department." *See Employee Policy Manual § 3.525* [(R.R. at 166a-69a)].

> While the record shows that Mancini was afforded notice by the County Director of Human Services of her layoff, the only notice regarding her displacement rights in terms of alternative employment opportunities stated "[t]here are no full[-]time positions presently existing within the . . . County Solicitor's Office." ([R.R. at 54a.])[] This notice can only be deemed deficient, as it fails to mention whether any suitable positions were vacant in another County department as required by Section 3.525 of the Employee Policy Manual. Per the policy, a career service employee can only exercise their displacement rights if the County adequately notifies them of possible lateral transfers, lower job titles, **or vacancies**. *See Employee Policy Manual § 3.525* (emphasis added). Thus, the County's failure to adequately notify Mancini

6

deprived her of the ability to fully exercise her displacement rights as a career service employee when she was terminated.[FN8]

> FN8 The [c]ourt is equally unpersuaded by the County's argument that Mancini is not entitled to the sought damages because the only positions supposedly available were the newly created part-time assistant solicitor positions that were not entitled to career service benefits. As explained, the County's failure to properly notify Mancini as to whether any possible vacancies existed in **any** County department wholly deprived her of the displacement rights conferred to every County career service employee facing layoffs. Thus, Mancini is entitled to the damages sought.

> The Board's denial of Mancini's appeal because she purportedly failed "to present competent evidence that any such opportunities were available either at the time of the layoff or within the applicable recall period," essentially turns the unambiguous language of Section 3.525 on its head by imposing the County's failure to comply with its own policies onto Mancini. Moreover, the Board's finding that no credible evidence of any other positions to which Mancini was entitled to, and would have accepted, in accordance with her career services rights is not based on substantial evidence, as Mancini was never properly afforded the opportunity to do so.

(SOR at 15-16 (emphasis in original).) Based on this reasoning, common pleas sustained Mancini's appeal as to this issue, vacated the Board's Decision, ordered that Mancini was "entitled to reinstatement and backpay, as well as fringe benefits, from the date of her termination, February 18, 2014, through October 23, 2018," and scheduled an evidentiary hearing on damages for December 5, 2024. (SOR Order at 1-2.)

The County appealed and, at common pleas' direction, filed a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). (R.R. at 693a-96a.) Therein, the County argued common pleas erred and/or abused its discretion in finding that Mancini was

7

a career service employee who was entitled to all the protections applicable to those employees and concluding that there was insufficient evidence to support the Board's finding that the County complied with its policies when it dismissed Mancini. (*Id.* at 693a-94a.) The County further asserted common pleas erred and abused its discretion when it vacated the Board's Decision because the Board's findings were supported by substantial evidence, and common pleas exceeded its authority by making contrary findings of fact and conclusions of law. (*Id.* at 694a.) The County challenged common pleas' ordering reinstatement and back pay because the position no longer exists and the court cannot order the County to create a position that had been eliminated by the County's executive branch, making the relief impossible to perform. (*Id.*) An additional error was made, the County asserts, by common pleas not finding that Mancini's claims were barred by the doctrine of election of remedies based on the federal action filed pursuant to 42 U.S.C. § 1983 and resolved in *Mancini I*. Alternatively, the County asserted common pleas should have remanded the matter to the Board "if there [was] a finding that the [Board's] Decision did not contain sufficient findings of fact or conclusions of law" so that the Board could issue a new decision with additional findings of fact and conclusions of law. (*Id.* at 695a-96a.) Common pleas issued a Rule 1925(a) opinion, in which it stated that the County's appeal should be quashed because its Order was not final and was not otherwise appealable at this time. (*Id.* at 698a-99a.) If not quashed, common pleas pointed to its prior reasoning as support for its Order. (*Id.* at 699a.)

Mancini filed the Motion with this Court, requesting that we quash the County's appeal, to which the County filed an answer. By Order dated November 4, 2024, we directed the parties to address the Motion in their principal briefs. The

8

parties have done so, and we will first consider whether we have jurisdiction to consider the present appeal.

## II. THE MOTION

Mancini asserts this Court lacks jurisdiction because common pleas' Order is not final or otherwise appealable at this time. According to Mancini, the Order, which leaves the issue of damages unresolved, is not final because it does not dispose of all claims and all parties, as required by Pennsylvania Rule of Appellate Procedure 341, Pa.R.A.P. 341. *See Blackman v. Katz*, 568 A.2d 642, 644 (Pa. Super. 1990) (holding that an order that leaves damages unresolved is not final).[3] Mancini further asserts the Order is not an appealable collateral order under Pennsylvania Rule of Appellate Procedure 313, Pa.R.A.P. 313 because it does not meet any of the requirements of that rule, including that the County would be prejudiced by waiting for review, so as to allow appellate review at this time.

The County argues this Court has jurisdiction to consider its appeal because the Order qualifies as an appealable collateral order since one of the arguments on appeal is that common pleas erred by not remanding the matter to the Board for additional fact finding. It asserts "[t]he issue of remand is separable from the cause of action related to the underlying employee grievance matter," and common pleas' failure to remand to the Board denies "both parties the right to appeal the decision of the [B]oard to . . . [c]ommon [p]leas." (County's Answer to Application (Appl.) ¶¶ 6-7.) The County maintains that if this issue is not decided now, and common pleas sits as a fact-finding body, the right of both parties to have this matter

---

[3] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

determined by the Board in the first instance is irreparably lost. Therefore, the County argues, this Order can be reviewed now.

On the topic of an appellate court's jurisdiction, our Supreme Court has recently explained that

> [a]s a general rule, "an appellate court's jurisdiction extends only to review of final orders." *Shearer v. Hafer*, . . . 177 A.3d 850, 855 ([Pa.] 2018); *see also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a . . . trial court."). A final order is an order that "disposes of all claims and of all parties" or "is entered as a final order" pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). As we have previously stated, "[t]he final order rule reflects the long-held limitation on review by both federal and state appellate courts[,]" and "[c]onsidering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." *Shearer*, 177 A.3d at 855. Nonetheless, the collateral order doctrine, which has been codified in Rule 313, "permit[s] immediate appellate review of certain [non-final] collateral orders." *Id*. at 856; *see also Rae v. Pa. Funeral Dirs. Ass'n*, . . . 977 A.2d 1121, 1125 ([Pa.] 2009).

*J.C.D. v. A.L.R.*, . . . 303 A.3d 425, 429-30 ([Pa.] 2023).

> Under Rule 313, an "appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). Rule 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Thus, Rule 313 involves three elements: 1) the order is separable from and collateral to the underlying action; 2) the right involved is too important to be denied review; and 3) if review is postponed until final judgment, the claim will be lost.

*MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 318 A.3d 100, 112 (Pa. 2024).

10

"As an exception to the rule of finality, the collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral." *In re Est. of Rowley*, 84 A.3d 337, 340 (Pa. Cmwlth. 2013) (citation omitted). "A narrow construction of the doctrine not only avoids piecemeal determinations and protraction of litigation but also furthers judicial accuracy because an appellate court is more likely to decide an issue correctly in the context of a complete adjudication and a full development of record." *Northumberland Cnty. Child. & Youth Servs. v. Dep't of Pub. Welfare*, 2 A.3d 794, 797 (Pa. Cmwlth. 2010) (citation omitted).

As to whether an order was separable under the first prong, courts consider whether the order was fully distinct from the underlying issues and resolvable without addressing the merits of the underlying dispute. *MFW Wine Co., LLC*, 318 A.3d at 113. An order is separable if it involves "a pure legal question that did not require any analysis of the underlying . . . claim." *Id.* An issue is important, for purposes of the second prong, if the interests that would potentially go unreviewed absent immediate appellate consideration are significant relative to the efficiency interests that are advanced by adhering to the final judgment principle. *Commonwealth v. Watson*, 952 A.2d 541, 552 (Pa. 2008) (internal quotations marks omitted). As the Supreme Court has explained: "it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999).

Finally, "[u]nder the third prong, we determine whether a right is adequately vindicable or effectively reviewable." *S. Hills Cath. Acad. v. Dep't of Hum. Servs.*, 308 A.3d 915, 922 (Pa. Cmwlth. 2024) (internal quotation marks and citation

11

omitted). "This question cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." *Id.* (internal quotation marks and citation omitted). We have held that "the substantial cost a party would incur in defending a claim may equate to an irreparable loss of a right to avoid the burden entirely." *Id.* at 922-23 (internal quotation marks and citation omitted).

We must also be mindful that "the collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313." *Rae*, 977 A.2d at 1130. *See also In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 718 (Pa. Cmwlth. 2014) (same); *Northumberland Cnty. Child. & Youth Servs.*, 2 A.3d at 797 (same). The Supreme Court explained, in *Rae*, that

> [w]hile considering an additional issue on collateral review might streamline the adjudication of a particular case, applying the whole order approach as a rule would diminish judicial economy by encouraging advocates to find creative ways to obtain collateral review on one, however meritless, issue so as to obtain review of an entire litany of claims. Further, judicial accuracy is better promoted by postponing claims—except those directly fitting under Rule 313—for post-judgment review.

*Id.* Thus, "even if the collateral order test 'is satisfied with respect to one [appellate] issue,' this Court does not have 'jurisdiction to consider every issue within the ambit of the appealed order.'" *In re Sheriff's Excess Proceeds Litig.*, 98 A.3d at 718 n.12 (quoting *Rae*, 977 A.2d at 1123).

An order that leaves the resolution of damages to a later date is not a final, appealable order because it does not finally dispose of the case as to all parties, *Blackman*, 568 A.2d at 644, and the County does not appear to argue otherwise.

12

Rather, the County argues common pleas' interlocutory order is appealable now because one of the issues on appeal involves whether the matter should have been remanded to the Board for a new decision, which it claims meets all of the requirements of obtaining immediate appellate review under Rule 313.

As an initial matter, we observe that, under *Rae*, the County must establish that **each issue presented** for appellate review **meets the three prongs of Rule 313** in order for us to have jurisdiction to review that issue at this time. 977 A.2d at 1130. Reviewing the County's arguments,[4] however, it has only attempted to do so with regard to its contention that common pleas should have remanded the matter to the Board for additional findings of fact and conclusions of law. (*See* County's Answer to Appl. ¶ 4; County's Brief (Br.) at 26-27; 1925(b) Statement at 3-4, R.R. at 695a-96a.) Thus, this is the only issue that can be considered for potential immediate appellate review under Rule 313.[5]

---

[4] The County argues that: Mancini did not establish that she was a career service employee entitled to the protections of that position; common pleas exceeded its authority as an appellate court because the Board's Decision contained sufficient findings of fact and conclusions of law to support denial of Mancini's appeal; the County's Council has the authority to eliminate County positions and there is no County position into which common pleas could order Mancini's reinstatement; Mancini is barred by the doctrine of election of remedies; and the matter should have been remanded for additional findings of fact and for the County to have the opportunity to raise new defenses. (County's Br. at i-ii.)

[5] That the parties have briefed all of the issues the County raised in its appeal does not mean they can be resolved at this time. As our Supreme Court stated in *Rae*, "[w]hether an order is appealable as a collateral order under Rule 313 is an issue of this Court's jurisdiction to entertain an appeal of such an order. . . . A purely prudential concern, such as whether the parties have briefed the issue, cannot invest an appellate court with jurisdiction which is otherwise lacking." 977 A.2d at 1130 n.16. Moreover, because the remaining issues raised by the County relate directly to the merits of the underlying employee grievance matter, and would require appellate review of those merits, they cannot meet the separability prong of Rule 313. *See In re Sheriff's Excess Proceeds Litigation*, 98 A.3d at 720 (holding that although an issue may be "practically intertwined with the merits," the issue is separable from the merits only if it "is conceptually distinct from the merits" and "raises a question that is significantly different from the questions **(Footnote continued on next page…)**

Beyond citing the three prongs of Rule 313, the County does not cite any specific support for its contention that the Order is immediately appealable or explain why it has met those three prongs. Instead, it argues:

> The Order under appeal in this matter has listed the matter for a non-jury trial to establish damages. If this hearing occurs, [common pleas] will no longer be considering a full and complete record from the [Board] because the records will contain supplementary material. Once [common pleas] takes testimony, it is no longer sitting as an appellate court and the parties will have lost their right to appeal any decision of the [Board].
>
> The Pennsylvania Supreme Court has recognized an exception permitting review of an otherwise interlocutory order when "(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco*, 394 A.2d 542 (Pa. 1978). In the instant matter, failure to consider this appeal will result in the parties losing the right to have this matter heard in the first instance by the [Board].

(County's Br. at 26-27.) The County's answer is similarly conclusory, stating:

> 6. The issue of remand is separable from the cause of action related to the underlying employee grievance matter.
>
> 7. Failing to remand this matter to the Board will deny both parties the right to appeal the decision of the [B]oard to . . . [c]ommon [p]leas.
>
> 8. If this matter is not decided by this court and . . . [c]ommon [p]leas sits as a fact finding body rather than an appellate body the right of both

---

underlying [the party's] claim on the merits") (internal quotation marks and citation omitted); *McGrogan v. First Com. Bank*, 74 A.3d 1063, 1077 (Pa. Super. 2013) (stating that an appellate court "clearly does not have jurisdiction to consider any appellate issue relating to the merits of claims . . . , as [they] are not 'separable from and collateral to the main cause of action.' Pa.R.A.P. 313(b)."). Thus, we lack jurisdiction to consider any issues raised that relate to the merits of Mancini's underlying employee grievance claims.

14

parties to have this matter determined by the Board and reviewed by
. . . [c]ommon [p]leas will be irreparably lost."

(County's Answer to Appl. at 2.)

Regarding the first prong, the County argues the remand issue is separable from the underlying employee grievance matter. (*Id.* ¶ 6.) Although the County does not explain why this is so, because a decision on the remand issue might not touch on the merits of Mancini's arguments that the County failed to abide by its policies, it appears that the two may be distinct and, therefore, are separable. This is akin to the order in question in *South Hills Catholic Academy*, which denied a motion to dismiss that asserted the Department of Human Services (DHS) lacked jurisdiction over a private, parochial school, and which this Court found was separable from a decision on the merits of whether the school violated DHS regulations. 308 A.3d at 923. Accordingly, the County has satisfied the first prong as to this issue.

Examining the County's filings, we discern no argument as to why the Order meets the second prong of Rule 313. The County does not explain the importance of the remand issue or why it is more significant than the efficiency interests served by the final order doctrine, as is required to meet this prong. *Watson*, 952 A.2d at 552. Narrowly construing the collateral order doctrine "avoids piecemeal determinations and protraction of litigation" and allows for the appellate court "to decide an issue correctly in the context of a complete adjudication." *Northumberland Cnty. Child. & Youth Servs.* 2 A.3d at 797. *See also Rae*, 977 A.2d at 78 ("In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation. . . . Such piecemeal litigation imposes a substantial burden on the orderly administration of justice.") (internal quotation marks and citations omitted). Cognizant of the piecemeal and

15

protracted nature of the present litigation, and in the importance of resolving these issues "in the context of a complete adjudication," *Northumberland County Children & Youth Services*, 2 A.3d at 797, reviewing common pleas' non-final order, as the County requests, is not consistent with the purpose final order doctrine, which is to ensure the efficient resolution of cases, *MFW Wine Co., LLC*, 318 A.3d at 112. Therefore, there is nothing presented that persuades us that the County has clearly established the second prong of Rule 313 so as to allow immediate review of this issue.

Finally, as to the third prong, the County asserts the right to have the Board resolve the underlying matter in the first instance, and for common pleas to review any such resolution only on the Board's record, is irreparably lost if appellate review is delayed until after the damages determination. We are not persuaded that this right would be irreparably lost if common pleas' Order is not immediately reviewed. The right asserted can be adequately vindicated and effectively reviewed even if we wait for a final order in this matter, as there is no impediment to the Court ordering a remand to the Board if we conclude one is necessary. Indeed, we have done so before. In *Mancini II*, we vacated a final order by common pleas and remanded the matter where the Board made no findings of fact relevant to the disputed issues. The County does not suggest that the very purpose of its asserted right would be violated or that there would substantial costs associated with the damages hearing that would effectively result in their claim being irreparably lost. Thus, this is unlike the situation in *MFW Wine Co., LLC*, where the Pennsylvania Liquor Control Board appealed an interlocutory order denying that it was entitled to sovereign immunity from a claim for monetary damages. The Supreme Court held this issue would be irreparably lost if appellate review was delayed because, absent a decision at that

16

time, the government agency would be forced to undergo discovery and unnecessary litigation, which undermined the very purpose of sovereign immunity. *MFW Wine Co., LLC*, 318 A.3d at 115. Nor is this situation akin to that in *South Hills Catholic Academy*, where delaying review of the order denying the motion to dismiss meant the private school would have to litigate the entire merits of the underlying claim that it was violating DHS regulations, which would require the school to spend substantial monies and lose its right to avoid doing so based on its contention that DHS lacked jurisdiction. 308 A.3d at 923. Accordingly, we are not convinced that the County has clearly established the third prong of Rule 313 so as to allow immediate review of this issue.

Because all three prongs of Rule 313 must be established in order for this Court to have jurisdiction to review common pleas' non-final order, and the County has not done so, we grant Mancini's Motion and the County's appeal is quashed for lack of jurisdiction.

## III. CONCLUSION

Because the County has not established all of the three prongs required to allow for appellate review of common pleas' non-final order under Rule 313, we grant Manicini's Motion and quash the County's appeal for lack of jurisdiction. *MFW Wine Co., LLC*, 318 A.3d at 112; *Shearer*, 177 A.3d at 855.

_____
RENÉE COHN JUBELIRER, President Judge

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jill Mancini,                                    :
                                                 :
                    v.                           :      No. 1062 C.D. 2024
                                                 :
County of Northampton,                           :
                              Appellant          :

# **O R D E R**

**NOW**, December 10, 2025, the Motion to Quash Appeal filed by Jill Mancini is **GRANTED**, and the appeal filed by the County of Northampton is **QUASHED** for lack of jurisdiction in accordance with the foregoing opinion.

_____
RENÉE COHN JUBELIRER, President Judge